IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                          )
                                      )
        Plaintiff,                    )
                                      )
            v.                        )    No. 1:05CV01147
                                      )
NATIONAL TREASURY EMPLOYEES UNION,    )
                                      )
        Defendant.                    )
_____)

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant National Treasury Employees Union (NTEU) hereby moves this Court to dismiss the complaint filed by the plaintiff Steven Ivey in this action.  As shown in the accompanying memorandum, this Court lacks jurisdiction over Ivey's complaint and his complaint fails to state a claim upon which relief can be granted.  Accordingly, NTEU respectfully requests that the Court dismiss Ivey's complaint with prejudice.

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel


/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel

/s/ L. Pat Wynns
L. PAT WYNNS
Associate General Counsel for
Appellate Litigation


/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5553

Date:   July 25, 2006          Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY,    ) | |
| )    | |
| Plaintiff,    ) | |
| )    | |
| v.    ) | No. 1:05CV01147 |
| )    | |
| NATIONAL TREASURY EMPLOYEES UNION,  ) | |
| )    | |
| Defendant.    ) | |
| _____) | |

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant National Treasury Employees Union (NTEU) hereby submits this memorandum in support of its motion to dismiss the complaint in this action filed pro se by plaintiff Steven Ivey. Because the specific allegations in the four-page complaint are unclear and undeveloped, NTEU is unsure of the factual and legal nature of the claims against it. Accordingly, this memorandum addresses each statutory provision cited in the complaint to demonstrate that, if a claim is being brought pursuant to that statute, it should be dismissed.

It is, however, clear from the allegations in the complaint that this action arises solely in connection with Ivey's removal from his federal job with the Internal Revenue Service (IRS) on March 7, 2001. NTEU is the exclusive bargaining representative

of IRS employees and represented Ivey at the time of his removal.  <u>See</u> Compl. at 1-3.  All of the allegations in Ivey's complaint concern NTEU's representation of him.  As shown below, this Court has no jurisdiction to consider them.

## PROCEDURAL HISTORY

Ivey submitted this complaint on April 28, 2005, more than four years after his removal.  Though the clerk date-stamped it the day it was submitted, the complaint was not stamped as "filed" until June 9, 2005.  On that same day, this Court issued a decision dismissing the complaint on the ground that the allegations it contained were subsumed within the other five district court complaints Ivey had filed in connection with his removal from the IRS.  <u>See</u> slip op. at 2.  At that time, NTEU had not been served with the complaint, and it had not participated in the litigation.

Ivey appealed the dismissal of his complaint to the United States Court of Appeals for the D.C. Circuit.  NTEU was not served with the notice of appeal nor with any of the papers filed in the appellate proceedings, and it did not participate in those proceedings.  On March 13, 2006, the D.C. Circuit issued an order remanding the case to this Court on the ground that Ivey's complaint raises different claims against a different party than those involved in his previously filed complaints.  <u>See</u> <u>Ivey v. NTEU</u>, No. 05-5306 (D.C. Cir., Mar. 13,

2006) (per curiam).  NTEU was first served with Ivey's complaint on July 5, 2006, and now offers this motion to dismiss in response.

## SUMMARY OF ARGUMENT

All of Ivey's claims should be dismissed because they are precluded by Chapter 71 of the Civil Service Reform Act, 5 U.S.C. §§ 7101-35 (CSRA).  The allegations contained in Ivey's complaint constitute a claim that NTEU violated its duty of fair representation in connection with his removal from the IRS. Ivey is therefore limited to pursuing relief through the exclusive administrative procedures set forth in the CSRA.

Even if all of his claims were not precluded by the CSRA, each individual claim would fall for independent reasons. First, the complaint charges NTEU with violating Ivey's rights under the Fifth Amendment of the United States Constitution. NTEU is not a government actor, so no Fifth Amendment Claim is cognizable against it.

Second, the complaint alleges that NTEU has violated various provisions of Title 18 of the United States Code.  There is no private cause of action to enforce those criminal provisions.

Third, the complaint alleges that NTEU violated various civil rights statutes.  The statute of limitations has expired for Ivey's claims under 42 U.S.C. §§ 1981, 1983, 1986, and 1988.

In addition, Ivey failed to exhaust his administrative remedies for his claim that NTEU discriminated against him in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.  In any event, Ivey has failed to state a claim upon which relief could be granted under any civil rights statute.

For these reasons, Ivey's complaint should be dismissed with prejudice.

## ARGUMENT

### I.    Plaintiff Ivey's Claims Are All Precluded by the CSRA

Ivey takes issue with various actions he alleges NTEU took in connection with his removal from his position with the IRS, claiming that NTEU has violated the Fifth Amendment, several provisions of Title 18, and 42 U.S.C. §§ 1981, 1983, 1986, 1988, and 2000e.  As the basis for these claims, Ivey alleges (Compl. at 1-3) that NTEU (a) was inappropriately "presen[t]" at his termination; (b) "coerce[ed]" his termination; (c) "participate[d] in conjunction with Treasury to have the plaintiff removed"; (d) encouraged plaintiff to sign a false statement incriminating himself in connection with his removal; (e) failed to respond to plaintiff's request for direction and assistance in dealing with his removal; (f) submitted false reports to, and acted collectively with, Treasury to remove plaintiff; and (g) discriminated against plaintiff in connection

4

with his removal.[1]  Because Ivey's claims all concern NTEU's

representation of him in connection with his removal, they

"amount to nothing more than an allegation that NTEU breached

[its] duty of fair representation."  Buesgens v. Coates, 2006

U.S. Dist. LEXIS 27383, *9 (D.D.C., May 9, 2006) (dismissing for

lack of jurisdiction former federal employee's claims that union

violated Title VII in representing him).[2]  His exclusive remedy

for such an allegation lies under Chapter 71 of the CSRA, and

this Court, therefore, has no jurisdiction to consider his

claims.

A union that is the exclusive representative of a

bargaining unit of federal employees has a duty to represent all

bargaining unit employees in a fair manner, without

discrimination and without regard to union membership.  See 5

U.S.C. § 7114(a)(1).  A charge that a union has acted

arbitrarily or in bad faith to the detriment of a member amounts

to a claim that the union breached its duty of fair

representation.  See National Fed'n of Fed. Employees, Local

---

[1] NTEU denies the factual allegations contained in the complaint, but for purposes of considering NTEU's motion to dismiss, the Court is required, of course, to "construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations."  Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004).  As shown, dismissal is appropriate under that standard.

[2] A copy of the Buesgens decision is attached.

1453 and Kenneth A. Crawford, 23 F.L.R.A. 686 (1986) (duty of
fair representation case arising from employee's allegation that
union should have filed a grievance to challenge her
termination).  Ivey's claims fit squarely within this standard:
he charges that NTEU acted in bad faith to his detriment by
allegedly conspiring with IRS and/or Treasury to have him
removed from his federal job.

Any breach of the duty of fair representation constitutes
an unfair labor practice (ULP).  5 U.S.C. § 7116(b)(1) (ULP for
union to interfere with, restrain, or coerce any employee in the
exercise of any Chapter 71 right); 7116(b)(2) (ULP for a union
to cause or attempt to cause an agency to discriminate against
an employee in the exercise of any Chapter 71 right); 7116(b)(8)
(ULP to otherwise fail or refuse to comply with any provision of
Chapter 71).  Chapter 71 provides the exclusive administrative
procedures for bringing a charge against a union for breach of
its duty of fair representation.  See Karahalios v. Nat'l Fed'n
of Fed. Employees, Local 1263, 489 U.S. 527, 529-36 (1989);
Abbott v. United States, 144 F.3d 1, 4-6 (1st Cir. 1998).  It
gives the Federal Labor Relations Authority (FLRA) exclusive
jurisdiction over charges that a federal sector union breached
the duty.  Id.  The only recourse for a federal employee
alleging that a union has violated its duty of fair
representation is to file an unfair labor practice charge with

the FLRA.[3]   Id.   Federal employees do not have a private cause of action against their unions for breaches of the duty of fair representation.   Id.   Ivey's complaint, therefore, must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) for lack of jurisdiction.   Karahalios, 489 U.S. at 531-32.

## II.  Even if the CSRA Did Not Preclude Plaintiff Ivey's Claims, They Would Still Have To Be Dismissed for Lack of Subject Matter Jurisdiction and/or for Failure To State a Claim Upon Which Relief Can Be Granted

Even if Ivey's claims were not precluded by the CSRA, they would still have to be dismissed because they do not state a claim upon which relief can be granted, the statute of limitations has expired, and/or Ivey has failed to exhaust his administrative remedies.   Each of these bases for dismissal is discussed below.

### A.    The Fifth Amendment Is Not Implicated in This Case

Ivey contends (Compl. at 2) that NTEU violated his "Fifth Amendment rights" when a union steward allegedly encouraged him to sign a statement that he claims was incriminating in connection with IRS removal proceedings.   The Fifth Amendment, however, is not implicated here.   By its terms, it applies only

---

[3] The time for filing such a charge has expired.   See 5 U.S.C. § 7118(a)(4)(B) (the General Counsel of the FLRA may issue a complaint based on a charge of an unfair labor practice if the charge was filed within six months of the discovery of alleged unfair labor practice).

to government actors, and NTEU is not a government actor.[4]  See
U.S. Const., Fifth Amend.  Accordingly, Ivey's Amendment claim
should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) for
failure to state a claim upon which relief can be granted.[5]

**B.  The Title 18 Provisions on Which Plaintiff Ivey Relies
Do Not Afford a Private Right of Action**

As shown in the cases cited below, there is no private
right of action to enforce the criminal provisions of Title 18
that Ivey charges NTEU with violating.  Only federal legal
authorities may prosecute alleged violations of those statutes.
See, e.g., Rockefeller v. United States Ct. of App. Off. for

---

[4] If Ivey is contending that NTEU conspired with the government
to deprive him of his Fifth Amendment rights, his claim is
untimely and he failed to allege the essential elements under 42
U.S.C. § 1985.  See, infra, at 13-14.  In addition, a person may
only invoke the Fifth Amendment when he has a reasonable fear
that his statements will be used against him in a criminal
proceeding.  Apfelbaum v. United States, 445 U.S. 115, 128
(1980); Hoffman v. United States, 341 U.S. 479, 486 (1951).
Ivey does not contend that he feared that the statement he was
allegedly asked to sign would be used against him in any
criminal prosecution, let alone that any such fear would have
been reasonable.  Indeed, he does not even allege that he
actually signed the statement to which he objected.

[5] Ivey cites the Fifth Amendment only in connection with his
claim that NTEU encouraged him to sign a statement incriminating
himself.  His complaint does not raise a due process claim.  In
any event, a due process claim is not viable against NTEU
because, as shown, it is not a government actor with the power
to remove him from his federal job.  See Deshaney v. Winnebago
County Dep't of Soc. Serv., 489 U.S. 189, 196 (1989) (the due
process clauses of the Fifth and Fourteenth Amendments were
"intended to prevent government 'from abusing [its] power, or
employing it as an instrument of oppression.'") (internal
citation omitted) (emphasis supplied).

10th Cir. Judges, 248 F. Supp. 2d 17 (D.D.C. 2003).

Accordingly, the following Title 18 claims should be dismissed

pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a

claim upon which relief can be granted:

    1.    **18 U.S.C. § 1001** (falsifying records): See Williams

v. McCausland, 791 F. Supp. 992 (S.D.N.Y. 1992).

    2.    **18 U.S.C. § 241** (conspiracy to deprive constitutional

rights): See Peabody v. United States, 394 F.2d 175 (9th Cir.

1968), cert. denied, 393 U.S. 1033 (1969).

    3.    **18 U.S.C. § 242** (deprivation of civil rights under

color of law): See Peabody, 394 F.2d 175; Rockefeller, 248 F.

Supp. 2d 17.

    4.    **18 U.S.C. § 1341** (frauds and swindles): See Wisdom v.

First Midwest Bank of Poplar Bluff, 167 F.3d 402, reh'g and

reh'g en banc denied, 1999 U.S. App. LEXIS 3590 (8th Cir. 1999);

Wiggins v. Phillip Morris, Inc., 853 F. Supp. 470 (D.D.C. 1994).

    **C.    Plaintiff Ivey's Civil Rights Claims Are Barred by
        Applicable Statutes of Limitations or by His Failure
        To Exhaust Administrative Remedies, and, in Any Event,
        They Fail To State a Claim Upon Which Relief Can Be
        Granted**

    Ivey alleges that NTEU has violated 42 U.S.C. §§ 1981,

1983, 1986, and 1988.  Presumably, these alleged violations all

arise from events Ivey contends occurred in connection with his

removal from the IRS on March 7, 2001.  The latest event cited

in the complaint concerns a phone call on March 30, 2001.  See

Compl. at 2.  The clerk of this Court did not receive Ivey's complaint until more than four years later, on April 28, 2005, and did not stamp it as filed until June 9, 2005.  Even assuming the April 28, 2005 date is the operative date for determining the complaint's timeliness, all of these claims are barred under the applicable statutes of limitations and should therefore be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1).  In addition, Ivey alleges that NTEU has discriminated against him in violation of Title VII of the Civil Rights Act.  See 42 U.S.C. § 2000e.  This claim must be dismissed because Ivey has failed to exhaust his administrative remedies.  Finally, Ivey has failed to state a claim upon which relief can be granted under any of the civil rights statutes, thus requiring dismissal of his claims pursuant to Fed. R. Civ. Proc. 12(b)(6).

1.   **42 U.S.C. § 1981.**  This statute prohibits discrimination in making and enforcing contracts.  The Supreme Court has held that there are two statutes of limitations that apply to Section 1981 actions.  See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004).

First, if the claim arises under the 1991 amendments to Section 1981, then the four-year federal catchall statute of limitations (28 U.S.C. § 1658(a)) applies.  Jones, 541 U.S. at 382.  That statute of limitations was enacted in 1990 and

applies only to rights created after its enactment.  Id.  Though
not clear from his allegations, it appears that Ivey is claiming
that NTEU conspired with IRS to terminate an alleged contract of
employment with Treasury or IRS.  Assuming that a contract
termination claim arises under the 1991 amendments to Section
1981, the four-year statute of limitations would govern.  As
mentioned, Ivey presented his complaint to the Court more than
four years after the conduct of which he complains allegedly
occurred, so his Section 1981 claim is time-barred under 28
U.S.C. § 1658(a).

    The statute of limitations is even shorter if Ivey's claim
is read to arise under the version of Section 1981 existing
prior to the 1991 amendments.  In those cases, the personal
injury statute of the forum state applies.  Jones, 541 U.S. at
382.  In the District of Columbia, where this case was filed,
the personal injury statute of limitations is three years.  D.C.
Code § 12-301(8).  In Georgia, where the events giving rise to
this action allegedly occurred, the personal injury statute of
limitations is two years.  O.C.G.A. § 9-3-33.  Ivey's claim is
too late under either statute.

    In any event, Ivey's Section 1981 claim must also be
dismissed for failure to state a claim upon which relief can be
granted.  Though Ivey has cited Section 1981, he does not allege
anywhere in his complaint that he had a contract with NTEU, or

sought to make a contract with NTEU. The absence of a contractual allegation is fatal to his Section 1981 claims. See Gonzales v. Ingersoll Milling Machine Co., 133 F.3d 1025, 1034 (7th Cir. 1998) ("In order to bring a section 1981 claim there must at least be a contract").

2.   **42 U.S.C. § 1983.** This statute prohibits the deprivation of civil rights under color of law. The Supreme Court has held that all Section 1983 actions are to be considered actions to recover damages for injury to the person for purposes of determining the applicable statute of limitations. See Wilson v. Garcia, 471 U.S. 261 (1985). Accordingly, the personal injury statute of limitations for the forum state applies. As mentioned above, it is three years in the District of Columbia and two years in Georgia. Ivey's Section 1983 claim, therefore, is also time-barred.

Ivey's Section 1983 claim should also be dismissed because, as discussed herein, he has failed to state any claim of a violation of the Constitution or a federal statute upon which relief can be granted. Without stating a claim for any such violation, there can be no cognizable Section 1983 claim. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by . . . the United States Constitution and federal statutes.").

3.   **42 U.S.C. § 1986.**  This statute provides a cause of
action for neglect to prevent civil rights violations.  It
explicitly provides that actions must be commenced within one
year after the cause of action has accrued.  Ivey's Section 1986
claim, therefore, is time-barred.

Ivey's Section 1986 claim should also be dismissed for
failure to state a claim upon which relief can be granted.  In
order to prevail on a Section 1986 action, Ivey must also prove
a violation of Section 1985.  Ivey does not allege a violation
of Section 1985 anywhere in his complaint.

Even if Ivey's complaint were generously read to allege a
conspiracy claim under Section 1985(3), any such claim should
still be dismissed because he has not alleged the essential
elements of a Section 1985(3) claim.  One of the elements is
that there be an agreement between two or more "persons" to
commit an unlawful act.  See Brug v. Nat'l Coalition for the
Homeless, 45 F. Supp. 2d 33, 40 (D.D.C. 1999).  Here, at most,
Ivey alleges a conspiracy between NTEU and IRS to deprive him of
his IRS job.  This claim must fail because Ivey has failed to
allege a conspiracy among two "persons," as is required by
Section 1985.  Neither a federal government agency (Ivey names
Treasury), nor a government official sued in his or her official
capacity (Ivey has not named any in his complaint) qualifies as
a "person" for purposes of a Section 1985 claim.  See Graves v.

United States, 961 F. Supp. 314, 320 (D.D.C. 1997); Proffitt v.
United States, 758 F. Supp. 342, 345 (E.D. Va. 1990); cf. Will
v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("a
suit against a state official in his or her official capacity is
not a suit against the official but rather is a suit against the
official's office" and, therefore he or she is not a "person"
under § 1983). Because neither Treasury nor IRS can be
considered a "person" with whom NTEU conspired in violation of
Section 1985, Ivey has failed to allege a required element of a
Section 1985 violation. Accordingly, his derivative Section
1986 action should be dismissed pursuant to Fed. R. Civ. Proc.
12(b)(6) for failure to state a claim upon which relief can be
granted.

   **4.  42 U.S.C. § 1988.** This statute establishes rules for
determining the law to apply in a civil rights action and also
provides for payment of attorney and expert witness fees to
prevailing parties. As all of Ivey's civil rights claims are
time-barred and fail to state a claim upon which relief can be
granted, he cannot be a prevailing party and therefore is not
entitled to recover attorney or expert fees under this section.
Accordingly, his Section 1988 claim should be dismissed pursuant
to Fed. R. Civ. Proc. 12(b)(6).

   **5.  42 U.S.C. § 2000e.** Ivey alleges that NTEU
discriminated against him in violation of Title VII of the Civil

Rights Act, 42 U.S.C. § 2000e. Before proceeding to court in a
Title VII action, it is incumbent upon the plaintiff to file a
timely charge of discrimination with the Equal Employment
Opportunity Commission (EEOC) or the appropriate state agency,
thereby affording the agency an opportunity to investigate the
charge. See Marshall v. Federal Express Corp., 130 F.3d 1095,
1098 (D.C. Cir. 1997). Only by pursuing his claim with the
administrative agency may he obtain a right-to-sue letter
against the party named in the complaint, authorizing him to
proceed to court. Park v. Howard Univ., 71 F.3d 904, 907 (D.C.
Cir. 1995); see also Williams v. Washington Metropolitan Area
Transit Authority, 721 F.2d 1412, 1413 (D.C. Cir. 1983).

Ivey does not allege that he has filed a timely complaint
against NTEU before the appropriate administrative agency, nor
has he alleged that he obtained the requisite right-to-sue
letter. 29 C.F.R. § 1614.105; 42 U.S.C. § 12117. Moreover,
NTEU is aware of no proceeding before the EEOC or a state agency

initiated by Ivey against NTEU.[6]  Accordingly, this Court lacks

subject matter jurisdiction over Ivey's Title VII claim.[7]

Ivey's Title VII claim must also be dismissed for failure

to state a claim upon which relief can be granted, because he

has not identified the basis for the alleged discrimination.

Title VII prohibits discrimination based on race, color,

religion, sex, and national origin.  5 U.S.C. § 2000e-2.  Ivey

invokes Title VII and uses the words "discriminatory" and

"discriminated" in his complaint (at 2, 3), but he does not

specify the reason for the alleged discrimination (e.g., his

race, color, religion, sex, or national origin).  Accordingly,

he cannot establish a prima facie case of a Title VII violation,

and his Title VII claim must also be dismissed pursuant to Fed.

R. Civ. Proc. 12(b)(6).[8]

_____

[6] It appears from the complaint (at 3) that Ivey alleges he
"formally" contacted the EEOC to lodge a complaint against
Treasury.  He does not allege that he obtained a right to sue
letter from the EEOC but even if he did, it would apply only to
Treasury, because NTEU was not a party to any EEOC action Ivey
may have brought.

[7] This Court may also lack jurisdiction on the ground that Title
VII does not govern the conduct of federal sector labor
organizations.  Though NTEU does not waive that argument, it
does not brief it here, because the Court so clearly lacks
jurisdiction, even if NTEU could be a proper Title VII
defendant.

[8] The complaint (at 4) contains a stray reference to the
Rehabilitation Act, 29 U.S.C. § 791(c).  It does not appear that
plaintiff Ivey is charging NTEU with a violation of that Act,
but rather is seeking appointment of counsel under that Act (and

## CONCLUSION

For the foregoing reasons, defendant NTEU respectfully requests that the Court dismiss Ivey's complaint with prejudice.

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel

/s/ L. Pat Wynns
L. PAT WYNNS
Associate General Counsel for
Appellate Litigation

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5553

Date:  July 25, 2006          Counsel for Defendant

---

Title VII). In any event, the Rehabilitation Act does not apply to NTEU. See Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971, 60 F.3d 1375, 1381-83 (9th Cir. 1995) (Rehabilitation Act does not apply to union not receiving federal assistance); Lohf v. Runyon, 999 F. Supp. 1430, 1441-42 (D. Kan. 1998), aff'd, 176 F.3d 488 (10th Cir. 1999) (federal sector unions do not receive federal assistance). Nor does plaintiff Ivey allege that he is disabled. Accordingly, to the extent plaintiff Ivey is alleging that NTEU violated the Rehabilitation Act, that claim must be dismissed for failure to state a claim upon which relief can be granted.

# ATTACHMENT

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 27383    Filed 07/25/2006    Page 21 of 28    Page 1 of 7

Case 1:05-cv-01147-GSU.S.Document 12XIS 27383

Service: **Get by LEXSEE®**
Citation: **2006 U.S. Dist. LEXIS 27383**

*2006 U.S. Dist. LEXIS 27383, ***

MICHAEL BUESGENS, Plaintiff, v. MARCIA H. COATES, as Director, Office of Equal Opportunity Program, et al., and COLLEEN M. KELLEY as National President, National Treasury Employees Union Defendants.

Civil Action No. 05-2334 (RCL)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

2006 U.S. Dist. LEXIS 27383

May 9, 2006, Decided

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff, a former federal employee and public sector union member, sued defendants, including federal officials, his union, and a union official, alleging employment discrimination and retaliation. The official moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. The federal defendants moved to transfer to the U.S. District Court for the Western District of Texas under 28 U.S.C.S. §§ 1404(a) and 1406(a).

**OVERVIEW:** Because the claims against the union and the official were merely an allegation that the union breached its duty of fair representation, the claims could be brought only under the Title VII of Civil Service Reform Act, 5 U.S.C.S. § 7101 et seq., which did not authorize a private cause of action for union members against their unions for breaches of the duty of fair representation. Thus, the court lacked subject-matter jurisdiction over the claims against the union and the official. The action against the federal defendants did not satisfy the specific venue provision set forth in 42 U.S.C.S. § 2000e-5(f)(3): the alleged unlawful employment practice was not committed in the District of Columbia (D.C.); none of the employee's job records were maintained in D.C.; and the employee did not work in D.C. during the time period identified in the complaint. Thus, § 2000e-5(f)(3) barred the employee from proceeding with his lawsuit in D.C. The U.S. District Court for the Western District of Texas was the proper venue for his claims, however, and considerations of convenience and justice weighed in favor of transferring the action to the Western District of Texas under 28 U.S.C.S. § 1404(a).

**OUTCOME:** The court granted the federal defendants motion to transfer and granted the official's motion to dismiss.

**CORE TERMS:** venue, duty of fair representation, judicial district, prong, unlawful employment practice, motion to dismiss, venue statute, proper venue, convenience, subject matter jurisdiction, lawsuit, Rehabilitation Act, principal office, better served, administered, inconvenient, transferred, breached, sector, recusal, grievances, untimely, biased

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss 

*HN1* Pursuant to Fed. R. Civ. P. 12(b)(1), a plaintiff bears the burden of establishing that the court has jurisdiction. In turn, the court has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority, which includes the

obligation to determine whether the plaintiff's claims are moot.  More Like This Headnote

Civil Procedure > Venue > Motions to Transfer > General Overview

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss

*HN2* Fed. R. Civ. P. 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. In considering a Rule 12 (b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. The court, however, need not accept the plaintiff's legal conclusions as true.  More Like This Headnote

Civil Procedure > Venue > Motions to Transfer > General Overview

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss

*HN3* To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat the plaintiff's assertion of venue.  More Like This Headnote

Civil Procedure > Venue > Special Venue

Labor & Employment Law > Discrimination > Disability Discrimination > Rehabilitation Act

Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview

*HN4* The remedial and procedural provisions of Title VII of the Civil Rights Act of 1964 are incorporated in the Rehabilitation Act. 29 U.S.C.S. § 794(a). Venue for claims under the Rehabilitation Act is therefore governed by 42 U.S.C.S. 2000e-5(f)(3). Under 42 U.S.C.S. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial districts.  More Like This Headnote

Civil Procedure > Venue > Special Venue

Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview

*HN5* See 42 U.S.C.S. § 2000e-5(f)(3).

Civil Procedure > Venue > Special Venue

Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview

*HN6* The statutory scheme of 42 U.S.C.S. § 2000e-5(f)(3) indicates that Congress intended to limit venue in Title VII of the Civil Rights Act of 1964 cases to those jurisdictions concerned with the alleged discrimination. If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C.S. § 2000e-5(f)(3), venue is improper.  More Like This Headnote

Civil Procedure > Venue > Federal Venue Transfers > Improper Venue Transfers

*HN7* When a plaintiff files an action in the wrong district, 28 U.S.C.S. § 1406(a) directs courts to dismiss, or if it be in the interest of justice, transfer such case to the proper venue. 28 U.S.C.S. § 1406(a).  More Like This Headnote

Governments > Federal Government > Employees & Officials

*HN8* Title VII of the Civil Service Reform Act, 5 U.S.C.S. § 7101 et seq., governs all claims arising from a union's alleged breach of the duty of fair representation.  More Like This Headnote

Governments > Federal Government > Employees & Officials

*HN9* According to 5 U.S.C.S. § 7114(a)(1), when the National Treasury Employees Union, as a union, acts as the exclusive representative for a plaintiff, it has a duty to represent him in a fair manner, without discrimination and without regard to union membership. Any breach of this duty of fair representation constitutes an unfair labor practice. 5 U.S.C.S. §7116(b). The Civil Service Reform Act also gives exclusive jurisdiction over charges that a federal sector union breached its duty of fair representation. Furthermore, federal sector union members do not have a private cause of action against their unions for breaches of the duty of fair representation.  More Like This Headnote

Civil Procedure > Venue > Special Venue

Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview

*HN10* The fourth prong of 42 U.S.C.S. § 2000e-5(f)(3) is available only if the respondent is not found within any such district covered by one of the three preceding prongs.  More Like This Headnote

Civil Procedure > Venue > Motions to Transfer > General Overview

*HN11* According to 28 U.S.C.S. § 1404(a), a court is authorized to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice.  More Like This Headnote

**COUNSEL:** **[*1]**  MICHAEL L. BUESGENS, Plaintiff, Pro se, Austin, TX USA.

For MARCIA H. COATES, In her Official Capacity as Director Office of Equal Opportunity Program, Department of Treasury, Defendant: Karen L. Melnik, U.S. ATTORNEY'S OFFICE, Washington, DC.

For COLLEEN M. KELLEY, In her Official Capacity as National President, National Treasury Employee, Defendant: Gregory O'Duden, NATIONAL TREASURY EMPLOYEES UNION, Washington, DC; Karen L. Melnik, U.S. ATTORNEY'S OFFICE, Washington, DC.

For CARI M. DOMINGUEZ, In her Official Capacity as Chair and Head Equal Employment Opportunity Commission, KAY COLES JAMES, In her Official Capacity as Director Office of Personnel Management, JOHN W. SNOW, In his Official Capacity as Secretary, Department of Treasury, J. RUSSELL GEORGE, in his Official Capacity as Inspector General, Treasury Inspector General Tax Administration, Defendants: Karen L. Melnik, U.S. ATTORNEY'S OFFICE, Washington, DC.

**JUDGES:** Royce C. Lamberth, United States District Judge.

**OPINIONBY:** Royce C. Lamberth

**OPINION: MEMORANDUM OPINION**

Before the Court is defendant Colleen Kelley's ("Kelley") motion to dismiss [10] and Federal defendants' n1 motion [25] to dismiss or, in **[*2]**  the alternative, to transfer the pending

action to the United States District Court for the Western District of Texas. As is clear from plaintiff's complaint, the Federal defendants' motions and replies, and the plaintiff's opposition, this action does not properly lie in this Court because it does not satisfy Title VII's specific venue provision set forth in <u>42 U.S.C. § 2000e-5(f)(3)</u>. Accordingly, Federal defendants' motion [25] to transfer is granted and the case is transferred to the District Court for the Western District of Texas. Furthermore, because the Court concludes that it lacks subject-matter jurisdiction over plaintiff's

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Defendants include Marcia H. Coates, Director, Office of Equal Opportunity Program, Department of Treasury; Cari M. Dominguez, Chair, Equal Employment Opportunity Commission; Kay Coles James, Director, Office of Personnel Management; John W. Snow, Secretary, Department of Treasury; and J. Russell George, Inspector General, Treasury Inspector General Tax Administration.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*3] claims against Kelly, Kelley's motion [10] to dismiss will be granted.

## BACKGROUND

Plaintiff was employed by the Internal Revenue Service ("IRS"), Wage & Investment Division, as a GS-0962-08 Contact Representative in Austin, Texas for nearly 15 years. (See Salyards Decl. P2.) Plaintiff began his employment with the IRS on October 22, 1990, and worked in Austin, Texas his entire career. See id. Plaintiff retired from the IRS because of a medical disability on March 7, 2005. See id. While employed at the agency, plaintiff was a member of the National Treasury Employees Union ("NTEU"). (Pl.'s Compl. 5.)

Plaintiff filed three administrative complaints concerning his separation from the agency that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing. (Salyards Decl. P5.) On January 21, 2004, the EEOC Administrative Judge found that there was no discrimination. See id. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. See id. Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004, and his request for reconsideration was [*4] also denied, on February 18, 2005. See id.

On January 5, 2005, plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the IRS claiming that the agency had improperly dismissed his previous EEO complaints as untimely filed. (Pl's Compl. 15.) On April 5, 2005, plaintiff filed a Complaint in the United States District Court for the Western District of Texas alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability. (See Defs.' Ex. 1.)

On May 31, 2005, plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding administrative hearings before the EEOC judges is not neutral and is biased toward the agency. (See Salyards Decl. at P7.) On August 11, 2005, plaintiff filed an unfair labor practice charge against the NTEU and defendant Kelley, National President of the NTEU. On December 6, 2005, the Federal Labor Relations Authority ("FLRA") Regional Director dismissed most of the allegations as untimely filed and dismissed the remaining allegation that the Union deliberately and unjustifiably treated [*5] plaintiff differently than other unit employees by refusing "to pursue EEO complaints and related legal actions" for lack of evidence. (Def.'s Mot. Att. 1.)

On December 5, 2005, plaintiff filed a lawsuit in this Court. Then on December 6, 2005, plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 52738    Page 25 of 28

Case 1:05-cv-01147-RMC    Document 10-2    Filed 07/25/2006    Page 5 of 7

under the Freedom of Information Act against the Department of Treasury, seeking damages for the agency's handling of an alleged FOIA request. See id.

## LEGAL STANDARD

*HN1* Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. In turn, the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," See Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001), which includes the obligation to determine whether the plaintiffs' claims are moot. See Mine Reclamation Corp. v. FERC, 308 U.S. App. D.C. 152, 30 F.3d 1519, 1522 (D.C. Cir. 1994).

*HN2* Federal Rule of Civil Procedure 12(b)(3) [*6] states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. FED. R. CIV. P. 12(b)(3). In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. Darby v. United States DOE, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The court, however, need not accept the plaintiff's legal conclusions as true. 2215 Fifth St. Assocs., 148 F. Supp. 2d at 54. *HN3* To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. Id.

*HN4* The remedial and procedural provisions of Title VII are incorporated in the Rehabilitation Act. 29 U.S.C. § 794(a). Venue for claims under the Rehabilitation Act is therefore governed by 42 U.S.C. 2000e-5(f)(3) [*7] ; Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989). Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial districts.

The statute provides that:

*HN5* such an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

*HN6* This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. Stebbins v. State Farm Mut. Auto. Ins. Co., 134 U.S. App. D.C. 193, 413 F.2d 1100, 1102 (D.C. Cir. 1969). If the plaintiff brings suit in [*8] a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper. 42 U.S.C. § 2000e-5(f)(3). *HN7* When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406 (a).

## DISCUSSION

### A. Defendant Kelley's Motion to Dismiss

Plaintiff alleges that defendant Kelley and NTEU "failed to represent [him] fairly under Title VII retaliation provisions." (Pl.'s Compl. 36.) Plaintiff claims that NTEU engaged in "discriminatory representation" by 1) negotiating collective bargaining agreements that have the effect of denying him equal opportunities for employment; 2) failing to act affirmatively

to prevent the IRS from discriminating against EEO complainants; 3) failing to process EEO grievances like other grievances; and 4) failing to effectively represent EEO complainants by permitting the EEO director to discriminate against them. (Id. at 36-37.) Kelley argues that the Court lacks subject matter **[\*9]** jurisdiction to all plaintiff's claims. The Court agrees with Kelley.

Plaintiff's claims amount to nothing more than an allegation that NTEU breached their duty of fair representation. Therefore, plaintiff's complaint may only be brought before the FLRA. See Steadman v. Governor, U.S. Soldiers' and Airmen's Home, 287 U.S. App. D.C. 23, 918 F.2d 963, 966 (D.C. Cir. 1990). *HN8* Title VII of the Civil Service Reform Act, 5 U.S.C. §§ 7101-7135 (CSRA), governs all claims arising from a union's alleged breach of the duty of fair representation. *HN9* According to 5 U.S.C. § 7114 (a) (1), NTEU as a union, is the exclusive representative for plaintiff and has a duty to represent him in a fair manner, without discrimination and without regard to union membership. Any breach of this duty of fair representation constitutes an unfair labor practice. 5 U.S.C. § 7116 (b). The CSRA also gives exclusive jurisdiction over charges that a federal sector union breached its duty of fair representation. Steadman, 918 F.2d at 966. Furthermore, federal sector union members, like plaintiff, do not have a private cause **[\*10]** of action against their unions for breaches of the duty of fair representation. Karahalios v. National Federation of Federal Employees, Local 1263, 489 U.S. 527, 529-36, 109 S. Ct. 1282, 103 L. Ed. 2d 539 (1989). Accordingly, this Court lacks subject matter jurisdiction over plaintiff's claims against Kelly and the NTEU.

## B. Defendants' Motion to Transfer

Plaintiff alleges that the EEO process in Texas is biased and that the EEOC defendants have abused the process and their power. (See Compl. 22.) Specifically, plaintiff states that "the central issue in this case is the continuing and the endemic systemic leadership condoned (defendants) that put EEO complainants in harms way, and a substantial loss in due process rights." (Id. at 23.) In turn, defendants argue that plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, or in the alternative, Federal defendants move to transfer this case to the Western District of Texas, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) **[\*11]** and 28 U.S.C. §§ 1404(a) and 1406(a). The Court agrees that this case should be transferred to the Western District of Texas.

### 1. Venue in Title VII Actions

In this case, each of the venue provisions found in Title VII show that the District of Columbia is not the proper venue for this case. First, the alleged unlawful employment practice was not committed in this District. Plaintiff was employed by the Internal Revenue Services as a seasonal Contact Representative in Austin, Texas. (Salyards Decl. P2.) Second, none of plaintiff's employment records are maintained and administered in the District of Columbia. (Id. P4.) Plaintiff's relevant employment records are located in the Western District of Texas. (See id. P3.) In addition, the relevant management witnesses in this case are located in the Western District of Texas. Id. Third, as noted above, plaintiff did not work in this District at the time period identified in the Complaint. (See Salyards Decl. P2.) Fourth, plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because defendants' principal office is **[\*12]** located in this District. The statute itself provides that this *HN10* fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at 1103. There is no suggestion here that personal jurisdiction over these Federal defendants would not lie in the Western District of Texas, or that it would be otherwise inconvenient to proceed there. Accordingly, the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars plaintiff from proceeding with his lawsuit in this District.

### 2. Transfer under § 1404(a)

*HN11* According to 28 U.S.C. § 1404 (a), the Court is authorized to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 27383    Page 7 of 7

Case 1:05-cv-01047-RCC   Document 41   Filed 07/25/2006   Page 27 of 28

been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice. Each of these conditions is satisfied in the present case.

Plaintiff may properly have brought this action in the Western District of Texas, where plaintiff worked at all relevant times, pursuant **[*13]** to the third prong of the Title VII venue statute in <u>§ 2000e-5(f)(3)</u>. Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Western District of Texas. Plaintiff resides in Texas. Many of the witnesses and agency officials with knowledge relevant to plaintiff's allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas. (Salyards Decl. PP2-3.) Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer is in the interest of justice. Accordingly, the United States District Court for the Western District of Texas is the proper venue for plaintiff's claims against the EEOC defendants under Title VII's venue provision and this Court concludes that a transfer at this time will promote the interests of justice.

The Court has also considered the plaintiff's motion [36] for Recusal and Disqualification and Reassignment of Judge and Law Clerk, and concludes that it is without merit.

## CONCLUSION

For the reasons stated herein, the Court will grant Federal defendants' motion to transfer and **[*14]** grant defendant Kelley's motion to dismiss. The plaintiff's motion for recusal will also be denied.

A separate Order will issue this date.

Signed by Royce C. Lamberth, United States District Judge, May 9, 2006.

Service: **Get by LEXSEE®**
Citation: **2006 U.S. Dist. LEXIS 27383**
View: Full
Date/Time: Monday, July 24, 2006 - 1:57 PM EDT



LexisNexis®    <u>About LexisNexis</u> | <u>Terms & Conditions</u>
<u>Copyright ©</u> 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                              )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )    No. 1:05CV01147
                                          )
NATIONAL TREASURY EMPLOYEES UNION,        )
                                          )
        Defendant.                        )
_____)

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing (1) Defendant's
Motion to Dismiss Plaintiffs' Complaint for Lack of Subject
Matter Jurisdiction and Failure To State a Claim Upon Which
Relief Can Be Granted; (2) Defendant's Memorandum of Points and
Authorities in Support of Its Motion to Dismiss; and (3) entries
of appearance for defendant's counsel Gregory O'Duden, Barbara
A. Atkin, L. Pat Wynns, and Robert H. Shriver, III, to be served
today on the following person via first-class mail (postage
prepaid):

                    Steven Ivey
                    7611 S. Orange Bl. Tr.
                    # 278
                    Orlando, FL 32809

7/25/06
_____                    _____
Date                           Robert H. Shriver, III
                               Assistant Counsel