**RECEIVED**
AUG 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

Steven Ivey,

    Plaintiff,

    V.

Civil Action No. 05-1147 EGS

National Treasury Employees Union,

    Defendant.

## MOTION TO AMEND DEFENDANTS / COMPLAINT AS PER RULE 15

### A. Amended Defendants

Doug Van Buren, Lisa Porter, and Angela Strong and, reserving the right to amend as to identification of supervisors responsible, the plaintiff amends these individuals as defendants.

### B. Amended Complaint

I. Libel and Slander

From the attached documents to the original compliant and the plaintiff's reply in opposition to the defendants' motion to dismiss, the additional claims of libel and slander are amended.

1

**II.** 42 U.S.C.S. § 1985 (1),(2), & (3) - Conspiracy to Interfere with Civil Rights

For defendants Doug Van Buren, Lisa Porter, and Angela Strong the issues from the original and replied dismissal opposition are not random. The combined effects demonstrate a pattern of behavior and choice by the defendants to conspire against the plaintiff in order to deprive him of rights; due process; and equal protection under the law in the plaintiff's resolve for violations to taxpayers' documents and to violations reported against himself. During and after the plaintiff's employment, the defendants from facts the attachments and accompanying discussion did participate in behavior counter to the protection and regulations as prescribed by administrative agencies; federal regulations; and individual Rights. These combined are in violation of each section of 42 USCS § 1985.

**III. Issues of Perjury**

**1.** 18 USCS § 1621 - Perjury

Because defendant Angela Strong committed perjury in her report to Lisa Porter and subsequently to the IRS/ Robert Hall the plaintiff brings this claim to be amended. More impertinently, plaintiff who was able

to show that damages to himself by reason of defendant's false testimony, would be permitted to recover on basis of false representation, even though recovery would not lie simply for perjury which caused failure of plaintiff's suit in which defendant had testified falsely.

Morgan v. Graham , (1956, CA10, Okla) 228 F2d 625, 54 ALR2d 1290. Plaintiff may recover for damages suffered through employment discharge following hearing in which defendants submitted false and perjured testimony, although no action would lie for perjury as such, it would lie when perjury was merely part of larger conspiracy. Robinson v. Missouri Pacific Transp. Co. (1949, DC Ark) 85 F Supp 235.

Retaliation, i.e. Supreme Court; attachments# 3 and 4, particularly after the fact; after being employed

2. 18 USCS § 1622 - Subornation of Perjury - whoever procures another to commit any perjury is guilty of subornation of Perjury

Under this statute Lisa Porter assisted and aided and abetted the use of perjury to conspire against and create harm to the plaintiff. Perpetuating the issues of false record and slander in use with investigation demonstrates this claim

Additionally, in regards to the NTEU as "not a person" the

plaintiff refers to 18 USCS § 1622, also, in that there is no identifiable person given by the NTEU for being held responsible as supervisor for the related NTEU representatives. However, the plaintiff reserves the right to amend this individual as needed.

IV. First Amendment

The plaintiff was not given proper due process by means or restricting his First Amendment Rights. The incident in question March 5, 2001, (attachment # 2) involving the coercion of the NTEU/Doug Van Buren effectively violated the plaintiff's First Amendment Rights to be heard on defense of the allegations of the US Treasury.

The continued First Amendment violations can be seen by the projection onto the plaintiff of the incident of attachment # 4. This violates the plaintiff's speech right to not say anything and to project a mis-representation of the plaintiff's character.

These First Amendment violations involve, matters of public concern that may form basis protected speech of public employee under First Amendment are those that can be fairly considered as relating to any matter of political, social, or other concern of the community.

<u>Cooper v Town of Bar Nun</u>, D Wyo 2003, 2003 WL 1889017, Const. Law

90.1 (7.2). Diffusing the issues of "public concern" and "public interest" - because of these there is protection of First Amendment as the issues relate to political, social, and/or other (efficiency) concerns the integrity and community. With regards to, alleged supervisory tolerance of harassment of county corrections officer by his coworkers, based on officer's reporting of fellow officers' misconduct, was a "matter of public concern" for purposes of officer's First Amendment claim under 42 USCS 1983. <u>Baron v Hickey</u>, D Mass 2003, 242 F Supp 2 d, 66. The plaintiff as initially and continuously has reported violations as the have evolved even after the plaintiff was employed by the IRS/US Treasury.

V. Retaliation

From the proceedings for this case as entered the plaintiff reserves the right to have the issues reviewed for facts and damages resulting from retaliation towards the plaintiff.

**C. Claims for Damages**

With the above amended defendants and violations the plaintiff is requesting the additional, compensatory and punitive damages associated accordingly with each defendant and adverse affect. This is conjunction with the original complaint.

The NTEU is involved through vicarious liability given the combined effects of the claims.

Libel and slander (pro se) incur implied damages to the plaintiff, with the exception given to slander per quod of any remaining issue. These issues the defamation of the plaintiff's reputation and credibility resulting in moral turpitude.

The damages were compounded by the repeated discrimination and knowledge of what had preceded the actions of the NTEU and continued after the plaintiff was employed at the IRS/US Treasury center.

# Certification of Service

The attached document was sent by certified mail to:

Office of the Clerk
US District Court for DC
US Courthouse
333 Constitution Ave, N.W.
Washington, DC, 20001

And regular mail to:

Gregory O'Dunden
NTEU
1750 H Street, NW
Washington, DC, 20006

_8-14-06_
Date

_[signature]_
Steven Ivey
Plaintiff