# Your AT&T Statement

April 29, 2001

#BWNCJFM

STEVE IVEY
[redacted]

Customer # 7810[redacted]4804

Customer Service: 1 800 224-5610
Call Collect: 706 644-0524
Text Phone (TTY): 1 800 855-2880

## Summary of charges

| | |
|---|---|
| Previous balance | - 5.60 |
| Payments | 0.00 |
| **Credit balance as of Apr 29** | **- $5.60** |
| AT&T One Rate®College Plan | 20.60 |
| Other charges and credits | 5.40 |
| Taxes and surcharges | 0.87 |
| **Current charges** | **$26.87** |
| **Total amount due** | **$21.27** |
| **Date due** | **May 27, 2001** |

***Have you heard***
There's more to your AT&T bill than just charges! You'll also find helpful information on services, products and calling plans.
Continued ▶

Continues on back

## Detach and return with payment

Please write your customer number on your check or money order made payable to AT&T. Do not send cash. Do not staple this portion to your payment. Thank you.

| | |
|---|---|
| **Total amount due** | **$21.27** |
| **Date due** | **May 27, 2001** |

**Amount enclosed:** $ ______

AT&T DBC
PO BOX 8226
AURORA IL 60572-8226

STEVE IVEY
April 29, 2001

**Customer # 7810**[redacted]**4804**

☐ **Moving? Check the box and print new address on back.**

Attachment #5

781015000781148110000000007580000000000313700000002L879



[redacted]

AT&T

Customer Service: 1 800 224-5610
Call Collect: 706 644-0524
Text Phone (TTY): 1 800 855-2880

April 29, 2001
Customer # 7810[redacted]4804

## AT&T One Rate® College Plan

| Description | Amount |
|---|---|
| Calling Card Calls | 20.60 |
| Total AT&T One Rate (R) College Plan | 20.60 |

| Date | Time | Where | Number called | Type | Rate | Min | Amount |
|---|---|---|---|---|---|---|---|
| 1.Mar21 | 12:38pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 2.Mar21 | 12:39pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 3.Mar21 | 12:40pm | [redacted] | [redacted] | Station | N/Wknd | 2 | 0.40 |
| 4.Mar21 | 12:43pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 5.Mar21 | 02:13pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 6.Mar26 | 04:15pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 7.Mar26 | 04:29pm | [redacted] | [redacted] | Station | N/Wknd | 4 | 0.80 |
| 8.Mar26 | 04:37pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 9.Mar30 | 03:11pm | CHESAPEAKE<br>Called From [redacted] | VA 757[redacted]<br>VA 757[redacted] | Station | N/Wknd | 1 | 0.20 |
| 10.Mar30 | 03:12pm | CHESAPEAKE<br>Called From [redacted] | VA 757 [redacted]<br>VA 757 [redacted] | Station | N/Wknd | 1 | 0.20 |
| 11.Mar30 | 03:18pm | PORTSMOUTH<br>Called From [redacted] | VA 757 [redacted]<br>VA 757 [redacted] | Station | N/Wknd | 1 | 0.20 |
| 12.Mar31 | 04:40pm | ACWORTH<br>Called From [redacted] | GA 770 966-[redacted]<br>VA 757[redacted] | Station | N/Wknd | 1 | 0.20 |
| 13.Mar31 | 04:41pm | ACWORTH<br>Called From [redacted] | GA 770 966-[redacted]<br>VA 757 [redacted] | Station | N/Wknd | 40 | 8.00 |
| 14.Apr03 | 02:32pm | [redacted] | [redacted] | Station | N/Wknd | 6 | 1.20 |
| 15.Apr03 | 03:28pm | [redacted] | [redacted] | Station | N/Wknd | 2 | 0.40 |
| 16.Apr03 | 03:31pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 17.Apr03 | 03:33pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 18.Apr03 | 03:34pm | [redacted] | [redacted] | Station | N/Wknd | 2 | 0.40 |
| 19.Apr03 | 03:36pm | [redacted] | [redacted] | Station | N/Wknd | 1 | 0.20 |
| 20.Apr03 | 04:35pm | [redacted] | [redacted] | Station | N/Wknd | 20 | 4.00 |
| 21.Apr04 | 08:35pm | [redacted] | [redacted] | Station | N/Wknd | 8 | 1.60 |
| 22.Apr04 | 08:43pm | [redacted] | [redacted] | Station | N/Wknd | 4 | 0.80 |
| 23.Apr19 | 09:04pm | [redacted] | [redacted] | Station | N/Wknd | 2 | 0.40 |

Continues on back



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

Steven Ivey
P.O. Box 15884
Chesapeake, VA 23328

Person to Contact: Mrs. Rascoe
Telephone Number: (202) 622-3662
Refer Reply To: SE:S:C&L:GLD:D:F/2004-03543
Date: February 2, 2005

Dear Mr. Iv ey:

This is in response to your letter dated June 24, 2004, for the address, supervisor and legal representative of the Union at the regional Doraville processing center.

We suggest that you contact the Atlanta Campus Disclosure Office at the following address for the requested information.

IRS – Atlanta Campus Disclosure Office
Stop 93
2385 Chamblee Tucker Road
Chamblee, GA 30341
ATTN: Disclosure Officer

We hope the enclosed information will be of assistance to you.

Sincerely,

Symeria R. Rascoe
Tax Law Specialist
HQ Office of Disclosure FOIA
Badge #50-05919

Attachment #6

**Steven Ivey**
**Ste. #278, Skyview Pl.**
**7611 S. Orange Blossom Trail**
**Orlando, Fl, 32809**

**IRS-Atlanta Campus Disclosure Office**
**Stop 93**
**2385 Chamblee Tucker Road**
**Chamblee, GA, 30341**
**Attn: Disclosure Officer**

**02/22/05**

Dear Disclosure Office,

Attacked is a referenced response to a request of the US Treasury for information concerning the representatives and contact addresses for individuals of the National Treasury Employees Union.

The information I am seeking for cases 04-0394, 04-0395, and 04-0396 as present in US District Court for Northern Georgia is as follows:

The Legal Representative or Representing Agent for the NTEU and corresponding address for that individual.

The contact information for the following Union employees and representatives for the purposes of verifying the enclosed attachment as submitted by Robert Hall of the IRS Conversion branch: Lisa Poerter, Angela Strong, and Doug Van Buren.

Attachment #7

An individual to answer questions concerning the proper and timely procedure for Union meetings and activities in representation of IRS employees.

Any information and questions should be address to myself at the above contact.

Sincerely,

Steven Ivey



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Steven G. Ivey,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Appeal No. 01A33016

Agency No. 02-1135

Hearing No. 110-A3-8092X

DECISION

Complainant filed a timely appeal with this Commission from the agency's order dated March 24, 2003, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*. The appeal is accepted pursuant to 29 C.F.R. § 1614.405. In his complaint, complainant alleged that he was subjected to discrimination on the bases of race (Caucasian), color (white), sex (male), and reprisal for prior EEO activity when his employment was terminated during the probationary period effective March 7, 2001.

The record reveals that during the relevant time, complainant was employed as Data Transcriber, GS-356-03, at the agency's Elizabeth City, North Carolina's, Data Conversion Branch. Believing he was a victim of discrimination, complainant sought EEO counseling and subsequently filed a formal complaint on March 18, 2002. At the conclusion of the agency's investigation, complainant was informed of his right to request a hearing before an EEOC Administrative Judge (AJ) or alternatively, to receive a final decision by the agency. Complainant requested a hearing before an AJ.

On February 14, 2003, the AJ issued a decision dismissing the complaint because complainant failed to prosecute his case. The AJ found that complainant failed to appear at the February 14, 2003 hearing. The AJ found that he had mailed an Order on November 22, 2002, to the agency

Attachment #8

and complainant scheduling a pre-hearing conference on February 5, 2003, with a hearing set for February 14, 2003. The AJ found that complainant failed to submit the pre-hearing conference report (including a witness list) as required by the scheduling order and did not appear at the pre-hearing conference scheduled on February 5, 2003. The AJ stated that he issued an Order to Show Cause dated February 5, 2003, ordering complainant to show cause for his failure to submit any witness list or appear at the pre-hearing conference on February 5, 2003. The AJ noted that on February 12, 2003, complainant facsimiled a request for a continuance. The AJ denied the request as untimely and not justified. The AJ said that, in his request, complainant stated that he did not receive the acknowledgment and scheduling order until the end of January 2003. The AJ found that nothing in complainant's request set forth sufficient grounds for a continuance.

In its final order the agency stated that it was fully implementing the AJ's decision dismissing the complaint pursuant to 29 C.F.R. § 1614.107(a)(7).

We find the agency's dismissal of the complaint to be improper. It is noted that the AJ has the authority to sanction a party for failure without good cause shown to fully comply with an order. 29 C.F.R. § 1614.109(f)(3). However, dismissal of a complaint by an AJ as a sanction is only appropriate in extreme circumstances, where the complainant has engaged in contumacious conduct, not simple negligence. *See Hale v. Department of Justice*, EEOC Appeal No. 01A03341 (December 8, 2000). Upon review, the Commission finds that complainant's failure to appear at the hearing, appear at the pre-hearing conference, and failure to submit a pre-hearing conference report is insufficient, under the instant circumstances, to warrant dismissal of the entire complaint. To the extent that the AJ intended to sanction complainant by dismissing the entire complaint, the Commission finds that the AJ's sanction to dismiss the complaint was improper. In the instant case, the Commission finds that the appropriate sanction is to cancel the hearing and remand the complaint to the agency for a decision without a hearing.

Dismissal of the complaint under 29 C.F.R. § 1614.107(a)(7) is inappropriate under the instant circumstances, because the investigation has apparently been completed and there is apparently sufficient information in the record to adjudicate the complaint. Therefore, we shall remand the matter to the agency so that it may issue a decision on the complaint.

The agency's decision dismissing the complaint is REVERSED and we REMAND the complaint to the agency for further processing pursuant to the Order herein.

ORDER

Within sixty calendar days from the date this decision becomes final, the agency shall take final action on the complaint in accordance with 29 C.F.R. 1614.110. A copy of the agency's final decision must be sent to the Compliance Officer referenced herein.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 4 2003

Date

Merit Systems Protection Board.

**Steven IVEY, Appellant,**
**v.**
**DEPARTMENT OF the TREASURY, Agency.**

**AT-1221-02-0446-W-1.**

Sept. 11, 2003.

Appellant petitioned for review of initial decision that dismissed his individual right of action (IRA) appeal for lack of jurisdiction. The Merit Systems Protection Board held that Appellant established IRA jurisdiction based on allegations that he disclosed that agency employees were being instructed to check the "Presidential Donations box" on tax returns they reviewed, and that agency official who recommended that he be terminated orally told him that he "had no business reporting anything to the OSC or the Tax Commissioner"

Petition granted; reversed and remanded.

West Headnotes

**[1] Merit Systems Protection ⟹62**
450k62

Board has jurisdiction over an individual right of action (IRA) appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a disclosure protected under the Whistleblower Protection Act (WPA); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a "personnel action" as defined by statute. 5 U.S.C.A. § 2302(a), (b)(8).

**[2] Merit Systems Protection ⟹62**
450k62

If an appellant establishes Board jurisdiction over an individual right of action (IRA) appeal by exhausting his administrative remedies before the Office of Special Counsel (OSC) and making the requisite nonfrivolous allegations, he has a right to a hearing on the merits of his claim.

**[3] Merit Systems Protection ⟹396**
450k396

In order for a disclosure to be considered protected under the Whistleblower Protection Act (WPA), the employee must have had a reasonable belief that the disclosure evidenced (1) a violation of any law, rule, or regulation, or (2) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety; to establish such a reasonable belief, an appellant need not prove that the matter disclosed actually established one or more of the listed categories of wrongdoing, but he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced one of the situations specified in the statute. 5 U.S.C.A. § 2302(b)(8).

**[4] Merit Systems Protection ⟹62**
450k62

Appellant established individual right of action (IRA) jurisdiction based on allegations that he disclosed that agency employees were being instructed to check the "Presidential Donations box" on tax returns they reviewed, and that agency official who recommended that he be terminated orally told him that he "had no business reporting anything to the OSC or the Tax Commissioner"; allegations constituted nonfrivolous allegations that he made a protected disclosure, and that his disclosure was a contributing factor in the agency's decision to take a covered personnel action.

*225 Steven Ivey, Elizabeth City, NC, pro se.

Garry Wade Klein, Atlanta, GA, for agency.

Before Susanne T. Marshall, Chairman, and Neil A.G. McPhie, Member.

**OPINION AND ORDER**

¶ 1 The appellant has filed a petition for review of the initial decision that dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons stated below, we GRANT the petition for review, REVERSE the initial decision, and REMAND the appeal to the Atlanta Regional Office for further adjudication.

**BACKGROUND**

¶ 2 Effective March 7, 2001, the appellant was terminated from his GS-13 Data Transcriber position during his probationary period for failing to meet the required standards for performance in his position. Initial Appeal File (IAF), Tab 5, subtabs 4a, 4b. The agency's decision notice specified that the appellant

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Attachment #9

had received a rating of "1" in the critical element of "quality," and the proposal notice specifically noted that the appellant had "always" received unacceptable quality ratings. *Id.*, subtabs 4a, 4c, 4d. The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that his termination and low performance appraisals were in reprisal for his whistleblowing activity. IAF, Tab 1. OSC issued a letter on January 31, 2002, informing the appellant that it was closing its inquiry into the appellant's allegations and that he had a right to seek corrective action from the Board. *Id.* The appellant subsequently filed an IRA appeal. *Id.*

*226 ¶ 3 On April 11, 2002, the administrative judge ordered the appellant to file evidence and argument within 15 days of the order to prove the Board's jurisdiction over his IRA appeal according to the standard set forth in *Geyer v. Department of Justice*, 63 M.S.P.R. 13, 16-17 (1994). IAF, Tab 3. The administrative judge further ordered the appellant to identify each alleged protected disclosure, describe what type of disclosure he allegedly made, identify each personnel action that was being appealed, and describe when and how he brought each protected disclosure and personnel action to OSC's attention. *Id.* at 3-4. The administrative judge also ordered the agency to file a response on the jurisdictional issues within 25 calendar days. *Id.* at 4. In response, the agency submitted its file and motion to dismiss for lack of jurisdiction. IAF, Tab 5, subtab 1.

¶ 4 The appellant's submission in response to the April 11, 2002 order was rejected by the administrative judge for failing to follow the order's instructions, and the administrative judge again instructed the appellant to provide the requested information in an April 29, 2002 order. IAF, Tabs 6, 7. The appellant submitted a timely response to this order with an attached list of alleged disclosures, and identified the personnel actions as his termination, his low performance ratings, and "working conditions in which [he] was directly and more consistently harassed so as to constitute retaliation." IAF, Tab 10.

¶ 5 Without holding a hearing, the administrative judge issued an initial decision that dismissed the appellant's appeal for lack of jurisdiction. Initial Decision (ID) at 1-12. Applying the three-part test for Board IRA jurisdiction under *Geyer*, the administrative judge found that the appellant had met two parts of the standard: he showed that he had exhausted his remedies before OSC as to all of his disclosures, and that the agency's low performance rating of the appellant and its termination action during the appellant's probationary period were personnel actions as defined by 5 U.S.C. § 2302(a)(2)(A). ID at 3-4. Nevertheless, the administrative judge found that the appellant had not shown by a preponderance of the evidence that he made disclosures protected under 5 U.S.C. § 2302(b)(8), and that even if he had, the appellant failed to show by preponderant evidence that his disclosures were a contributing factor in the agency's decisions to rate his performance at the lowest possible level and to terminate him during his probationary period. ID at 4-12.

¶ 6 On petition for review, the appellant challenges the administrative judge's dismissal of his IRA appeal for lack of jurisdiction. Petition For Review File, Tab 1. The agency has not responded to the petition.

## *227 ANALYSIS

[1][2] ¶ 7 In *Geyer*, the Board held that to establish the Board's jurisdiction over an IRA appeal, an appellant must *prove* by preponderant evidence that: (1) he engaged in whistleblower activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8); (2) the agency took or failed to take a personnel action as defined in 5 U.S.C. § 2302(a)(2); and (3) he raised the whistleblower issue before OSC and proceedings before OSC have been exhausted. *Geyer*, 63 M.S.P.R. at 16-17. Subsequent to the issuance of the initial decision, the Board, following its reviewing court's guidance in *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367 (Fed.Cir.2001), overruled the *Geyer* IRA jurisdictional test. The Board held that, to establish jurisdiction over an IRA appeal, the appellant must have exhausted his administrative remedies before OSC and must make *non-frivolous allegations* that he made disclosures protected under 5 U.S.C. § 2302(b)(8), and that the disclosures were a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002); *see also Yunus*, 242 F.3d at 1371-72. If an appellant establishes Board jurisdiction over an IRA appeal by exhausting his administrative remedies before OSC and making the requisite non-frivolous allegations, he has a right to a hearing on the merits of his claim. *See Spencer v. Department of the Navy*, 327 F.3d 1354, 1356 (Fed.Cir.2003).

¶ 8 Applying this analysis, we find that the appellant has established the first element of the jurisdictional

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

showing. As the administrative judge found, the appellant has exhausted his administrative remedies before OSC. IAF, Tab 1; ID at 3-4. The next issue is whether the appellant has made a non- frivolous allegation that his disclosures were protected under 5 U.S.C. § 2302(b)(8).

[3] ¶ 9 In order for a disclosure to be considered protected under section 2302(b)(8), the employee must have had a "reasonable belief" that the disclosure evidenced "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8); *see Lachance v. White*, 174 F.3d 1378, 1380-81 (Fed.Cir.1999), *cert. denied*, 528 U.S. 1153, 120 S.Ct. 1157, 145 L.Ed.2d 1069 (2000). To establish such a reasonable belief, an appellant need not prove that the matter disclosed actually established one or more of the listed categories of wrongdoing, but he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced one of the situations specified in 5 U.S.C. § 2302(b)(8). *Huffman v. Office of Personnel Management*, 92 M.S.P.R. 429, ¶ 9 (2002). The test for whether a putative whistleblower *228 had such a reasonable belief is whether a "disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence" one of the situations set out in 5 U.S.C. § 2302(b)(8). *White*, 174 F.3d at 1381.

[4] ¶ 10 The administrative judge considered the appellant's November 29, 1999 letter that was addressed "Dear Sir," but which contained the handwritten e-mail address of Esperanza Balandran, an agency employee in IRS Commissioner Rossotti's Complaint Processing and Analysis Group, who acknowledged receiving this letter. IAF, Tab 1; Tab 10, Ex. 1; ID at 5-6. This letter concerned the appellant's allegation of high levels of noise in his work unit, excessive meetings, disruptive behavior by co-workers, and harassment by other co-workers who allegedly hit the back of the appellant's chair as they passed his work station. IAF, Tab 10, Ex. 1. As the information in this letter does not identify any of the kinds of wrongdoing to which 5 U.S.C. § 2302(b)(8) refers, the appellant has not made a non-frivolous allegation of Board IRA jurisdiction with regard to this communication. [FN1] *See Pulcini v. Social Security Administration*, 83 M.S.P.R. 685, ¶ 9 (1999) (an "abuse of authority" is defined as an "arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons"), *aff'd*, 250 F.3d 758 (Fed.Cir.2000) (Table); *Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996) ("gross mismanagement" requires more than de minimis wrongdoing, does not include management decisions which are merely debatable, and does not include actions or inactions which constitute simple negligence or wrongdoing); *White v. Department of the Air Force*, 63 M.S.P.R. 90, 95 (1994) (for purposes of 5 U.S.C. § 2302(b)(8), "gross mismanagement" is defined as management action or inaction which creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission).

FN1. The administrative judge identified 18 documents that the appellant indicated were previously submitted to OSC, but did not consider 15 of these documents because five were communications from OSC to the appellant, four were communications to the appellant from other parties, one was merely a Postal Service form documenting that one of the appellant's letters was delivered, and five were dated after the effective date of the appellant's termination. IAF, Tab 10, Exs. 2, 4, 6-9, 10-18. As these communications, on their face, are not protected under 5 U.S.C. § 2302(b)(8), we find that the appellant has failed to make a non-frivolous allegation that he made disclosures protected under 5 U.S.C. § 2302(b)(8) with regard to these communications.

¶ 11 Similarly, a January 26, 2001 letter addressed to Nicole Birch, U.S. Department of Justice, Criminal Section-Civil Rights Division, which identified an alleged incident of an unnamed "driver who ran *229 [the appellant] off the road," and a second alleged incident which "involved being stalked in a department store during the holidays," does not constitute a protected disclosure under 5 U.S.C. § 2302(b)(8). The appellant admitted that the allegations did not concern government employees, but were raised solely because of the appellant's belief "that these incidences may be related to [his] experiences at the IRS because these two people were black and seemed to exhibit the type of behavior [the appellant] experienced at the IRS." IAF, Tab 11 at 2. As the appellant's allegations of wrongdoing on the part of non- government employees do not implicate the government's interests and good name, the January 26, 2001 letter is not a protected disclosure

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

under 5 U.S.C. § 2302(b)(8). *See Arauz v. Department of Justice*, 89 M.S.P.R. 529, ¶ 7 (2001).

¶ 12 The administrative judge also considered a November 1, 2000 letter, apparently sent to Ms. Balandran, which reiterates the appellant's claim of alleged harassment by co-workers and management-allowed disruptive behavior directed at the appellant. IAF, Tab 10, Ex. 3. The misconduct alleged in this part of the letter would not, however, constitute the kind of wrongdoing referenced in 5 U.S.C. § 2302(b)(8). Instead, it appears to consist of simple rudeness, such as interruptions and bumping into the back of the appellant's chair. *Id.* The November 2000 letter also refers to employees who allegedly were allowed to work for the agency and the Postal Service at the same time, to his failure to receive some of his mail, to his receipt of mail that had been opened, and to the assignment of more "audit codes" to the north side of Atlanta than to the south side, an alleged disparity the appellant believed was motivated by racial and economic reasons. The appellant's assertions regarding these matters are vague, and the appellant has not explained how any of them could be regarded as protected under 5 U.S.C. § 2302(b)(8).

¶ 13 The November 1, 2000 letter also alleged that agency employees were being instructed to check the "Presidential Donations box" on tax returns they reviewed. IAF, Tab 10, Ex. 3. The appellant alleged further that he made oral communications regarding this matter, although the identity of the persons to whom this communication was made is unclear. IAF, Tab 10. Although the appellant has not cited any specific law, rule, or regulation that these alleged disclosures violated, the disclosure relating to the altering of tax returns could reasonably be regarded as violating regulatory, if not statutory, provisions. Moreover, any doubt or ambiguity as to whether the appellant has made a non-frivolous allegation of a reasonable belief should be resolved in favor of affording the appellant a hearing. *Huffman*, 92 M.S.P.R. 429, ¶ 13. Accordingly, we find that the appellant has made a non-frivolous allegation that a disinterested observer with knowledge of the information the appellant disclosed *230 about agency employees' being instructed to check the "Presidential Donations box" on tax returns could reasonably believe that these actions violated "any law, rule, or regulation" under 5 U.S.C. § 2302(b)(8).

¶ 14 We also find that the appellant has made a non-frivolous allegation that his disclosures were a contributing factor in the agency's decisions to take covered personnel actions. Specifically, the appellant alleged that Robert Hall, Chief, Section III-B, Data Conversion Branch, who recommended on March 5, 2001 that the appellant be terminated, orally told him that he "had no business reporting anything to the OSC or the Tax Commissioner." IAF, Tab 6, subtab 4c; Tab 11 at 2. The allegation, if true, could indicate that Mr. Hall was aware of the appellant's disclosures to Commissioner Rossotti, including the November 1, 2000 letter containing the allegation relating to the altering of tax returns, and that Mr. Hall acted within such time that a reasonable person could find that the disclosure contributed to the personnel actions. *See Rusin*, 92 M.S.P.R. 298, ¶ 13.

¶ 15 For the reasons stated above, we conclude that the appellant has exhausted his OSC remedy and has made non-frivolous allegations that he engaged in protected whistleblowing that contributed to covered personnel actions taken against him. Accordingly, the test for establishing the Board's IRA jurisdiction has been met, and the appellant is entitled to a hearing on the merits of his claim. [FN2]

FN2. We note that, in the initial decision, the administrative judge found that, if the standard under *Yunus* applied, the Board would have jurisdiction over his IRA appeal, but that the appeal would be dismissed for failure to state a claim upon which relief can be granted. ID at 2 n. 5. However, once Board jurisdiction over an IRA appeal is established, the Board is required to provide an employee with a hearing on the merits. *See Spencer v. Department of the Navy*, 327 F.3d 1354, 1356 (Fed.Cir.2003).

**ORDER**

¶ 16 The initial decision, which held that the appeal is not within the Board's jurisdiction, is REVERSED. The appeal is REMANDED to the Atlanta Regional Office for further adjudication consistent with this Opinion and Order.

FOR THE BOARD:

Bentley M. Roberts, Jr.

Washington, D.C.

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works