```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                          )
                                      )
     Plaintiff,                       )
                                      )
          v.                          )    No. 1:05CV01147
                                      )
NATIONAL TREASURY EMPLOYEES UNION,    )
                                      )
     Defendant.                       )
_____)
```

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Defendant National Treasury Employees Union (NTEU) showed in its opening memorandum that all of the claims contained in the complaint filed by plaintiff Steven Ivey should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. On August 14, 2006, Mr. Ivey filed a "reply with related corrections" to NTEU's motion to dismiss. None of the responses offered by Mr. Ivey refutes NTEU's defenses. Indeed, only one response warrants any further statement from NTEU.

In our opening memorandum (at 4-7), we showed that the Court lacks subject-matter jurisdiction over all of Mr. Ivey's claims because, collectively, they amount to nothing more than a charge that NTEU has violated its duty of fair representation, an unfair labor practice. Accordingly, his claims are precluded by Chapter 71 of the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7101-35. See Karahalios v. Nat'l Fed'n of Fed. Employees,

Local 1263, 489 U.S. 527, 529-36 (1989).  Mr. Ivey responds by alleging that NTEU "acted with intent and malice in a very directed negative manner" against him, representing "more than simple neglect of duty."  See Pl. Reply at 4.  Mr. Ivey's allegation goes to the merits of his duty of fair representation charge, not to this Court's jurisdiction to hear such a charge.  See Int'l Ass'n of Machinists Local 39 and Evans, 24 F.L.R.A. 352, 353 (1986).  As shown in our opening brief (at 4-7), the Federal Labor Relations Authority is the only forum in which Mr. Ivey may pursue a claim that the union breached its duty of fair representation by intentionally and maliciously acting in a "negative manner" toward him.  Karahalios, 489 U.S. at 529-36.  Accordingly, his entire complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(1).

Mr. Ivey has also failed to refute the alternative grounds for dismissal of the individual claims he brings.  As shown in our opening brief, Mr. Ivey has alleged violations of statutes for which there is no private right of action (Title 18 and 42 U.S.C. § 1988), that do not apply to NTEU (the Fifth Amendment), for which the statute of limitations has expired (42 U.S.C. §§ 1981, 1983, 1986), and for which Mr. Ivey has failed to exhaust his administrative remedies with respect to NTEU (42 U.S.C. § 2000e).  Nothing he could say in any response could cure these defects.  Moreover, he has failed to allege essential elements

of each of the claims he pursues. Thus, Mr. Ivey's complaint should also be dismissed for all of the independent reasons stated in NTEU's opening memorandum.

## CONCLUSION

For the reasons stated herein and in NTEU's opening memorandum, NTEU respectfully requests that the Court dismiss Mr. Ivey's complaint with prejudice.

                                        Respectfully submitted,

                                        /s/ Gregory O'Duden  
                                        GREGORY O'DUDEN  
                                        General Counsel

                                        /s/ Barbara A. Atkin  
                                        BARBARA A. ATKIN  
                                        Deputy General Counsel

                                        /s/ L. Pat Wynns  
                                        L. PAT WYNNS  
                                        Associate General Counsel for  
                                        Appellate Litigation

                                        /s/ Robert H. Shriver, III  
                                        ROBERT H. SHRIVER, III  
                                        Assistant Counsel

                                        NATIONAL TREASURY EMPLOYEES UNION  
                                        1750 H Street, NW  
                                        Washington, DC 20006  
                                        (202) 572-5500

Date: September 1, 2006       Counsel for Defendant

```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
```

STEVEN IVEY,                       )
                                   )
    Plaintiff,                     )
                                   )
        v.                         )   No. 1:05CV01147
                                   )
NATIONAL TREASURY EMPLOYEES UNION, )
                                   )
    Defendant.                     )
                                   )

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Reply Memorandum in Support of Defendant's Motion To Dismiss to be served on this the 1st day of September, 2006, on the following person via first-class mail (postage prepaid):

```
                Steven Ivey
                7611 S. Orange Bl. Tr.
                # 278
                Orlando, FL 32809
```

Date:  September 1, 2006          /s/ Robert H. Shriver, III
                                  Robert H. Shriver, III
                                  Assistant Counsel