```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

STEVEN IVEY,                           )
                                       )
    Plaintiff,                         )
                                       )
         v.                            )   No. 1:05CV01147
                                       )
NATIONAL TREASURY EMPLOYEES UNION,     )
                                       )
    Defendant.                         )
                                       )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND DEFENDANTS/COMPLAINT AS PER RULE 15

Plaintiff Steven Ivey has filed a motion to amend his complaint to add new defendants and new claims. Because no responsive pleading in this action has been filed, Mr. Ivey need not seek leave of the Court to amend his complaint. See Fed. R. Civ. Proc. 15(a). His motion, therefore, is unnecessary.

Mr. Ivey has not filed an amended complaint. Thus, there is no new complaint to which the National Treasury Employees Union (NTEU) could respond at this time. NTEU will respond to any amended complaint filed by Mr. Ivey upon being properly served with it. NTEU notes, though, that if Mr. Ivey were to amend his complaint to reflect the allegations and new defendants described in his motion, it would still fail to state a claim and this Court would continue to lack subject-matter jurisdiction.

1.   Mr. Ivey's motion mentions a claim for libel and slander arising from the alleged publication of a statement about him in March 2001.  See Pl. Mot. To Amend at 1.  Defamation actions must be brought within one year of publication of the allegedly defamatory statement.[1]  Accordingly, Mr. Ivey's defamation claim would be time-barred.

2.   As shown in our opening memorandum, Mr. Ivey cannot state a claim upon which relief could be granted against NTEU under Title 18 (because there is no private right of action) or any provision of the Constitution (because NTEU is not a state actor).  See Def. Memorandum of Points and Auth. in Support of Its Motion To Dismiss at 7-9.  For the same reasons, neither could Mr. Ivey state such a claim against the individuals he seeks to add as defendants.  Consequently, Mr. Ivey could not bring a cognizable claim under the First Amendment or 18 U.S.C. §§ 1621-22.  See Pl. Mot. To Amend at 2-5.

3.   Nor could Mr. Ivey state a claim for relief under 42 U.S.C. § 1985 against NTEU or any of the other potential

---

[1] Mr. Ivey has indicated that events giving rise to his defamation claim occurred in Georgia, Florida, Virginia, and/or Washington, DC.  Without addressing which jurisdiction's laws apply, we note that each has a one-year statute of limitations for defamation claims.  See Government Micro Resources, Inc. v. Jackson, 624 S.E.2d 63, 67-68 (Va. 2006) (citing Va. Code § 8.01-247.1); Oparaugo v. Watts, 884 A.2d 63, 72-73 (D.C. 2005); McClesky v. Vericon Resources, Inc., 589 S.E.2d 854, 856 (Ga. Ct. App. 2003) (citing O.C.G.A. § 9-3-33); Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, 629 So.2d 113, (Fla. 1993) (per curiam) (citing Fla. Stat. § 95.11).

defendants he identifies.  See Pl. Mot. To Amend at 2.  As shown in our opening memorandum (at 13-14), he cannot allege facts that, if true, would satisfy all the elements of a Section 1985 claim.  Moreover, like the Section 1983 claim contained in Mr. Ivey's original complaint, a Section 1985 claim would be time-barred.  See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)) (Section 1983 statute of limitations applies to Section 1985 claims); Opening Memo. at 12 (showing that Mr. Ivey's Section 1983 claim is time-barred).

**4.**   Finally, there are no facts that Mr. Ivey could allege that would support a claim of retaliation against NTEU and/or the individuals Mr. Ivey has identified as potential defendants.  See Pl. Mot. To Amend at 5.  Mr. Ivey has not engaged in any statutorily protected activity hostile to NTEU or any of the individuals he names in his motion.  Without having engaged in any protected activity that might prompt alleged retaliatory action, there can be no retaliation claim, under whatever statute Mr. Ivey may cite.

**CONCLUSION**

Though Mr. Ivey has a right to amend his complaint under Rule 15(a) without obtaining leave of the Court, it would be futile for him to amend his complaint to include the allegations and new defendants contained in his motion to amend.

                Respectfully submitted,

                /s/ Gregory O'Duden
                GREGORY O'DUDEN
                General Counsel

                /s/ Barbara A. Atkin
                BARBARA A. ATKIN
                Deputy General Counsel

                /s/ L. Pat Wynns
                L. PAT WYNNS
                Associate General Counsel for
                Appellate Litigation

                /s/ Robert H. Shriver, III
                ROBERT H. SHRIVER, III
                Assistant Counsel

                NATIONAL TREASURY EMPLOYEES UNION
                1750 H Street, NW
                Washington, DC 20006
                (202) 572-5500

Date:  September 1, 2006    Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV01147 |
| ) | |
| NATIONAL TREASURY EMPLOYEES UNION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing Defendant's Response To Plaintiff's Motion To Amend Defendants/Complaint As Per Rule 15 to be served on this the 1st day of September, 2006, on the following person via first-class mail (postage prepaid):

> Steven Ivey
> 7611 S. Orange Bl. Tr.
> # 278
> Orlando, FL 32809

Date:  September 1, 2006          /s/ Robert H. Shriver, III
                                  Robert H. Shriver, III
                                  Assistant Counsel