RECEIVED
SEP 2 1 2006
NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

Steven Ivey,

    Plaintiff,

V.　　　　　　　　　　　　　　　　　Civil Action No. 05-1147

National Treasury Employees Union,

    Defendant.

### MOTION TO REASSIGN JUDGE TO CASE

The above caption case and related case 04-0214, DC District, (later case no. 05-5444 in DC Appeals), had the same judge assigned for review of each, Judge Sullivan. One common document for these two cases is attachment #1.

For the prior case, 04-0214, the compliant involved issues of FOIA/Privacy Act. The plaintiff stated for this case that attachment #1 was improper in that it violated the Privacy Act because the plaintiff denied the call in question was made by him, if it was even made at all; that the NTEU and the US Treasury created and used it to discredit the plaintiff; and that it

1

violates the plaintiff's First Amendment Rights. This is one of the disputes on appeal because Judge Sullivan did not agree to such reasoning by the plaintiff. Since this creates a predetermined opinion for the above captioned case with the NTEU it is improper for Judge Sullivan to be assigned the present case. These circumstances raise concerns of misconduct for the prior case and potential for the present case.

The NTEU has not provided any requested verification or proof of the incriminating call, therefore, it has created damage to the plaintiff, as the decision for the prior 04-0214, case demonstrates. This should not have been allowed by Judge Sullivan. The end effect is that Judge Sullivan is stating that DC District accepts such documentation. Thus, resulting in acceptance of character assassination of the plaintiff and giving credibility to false accusations of the NTEU. This, further, concerns misconduct on the part of Judge Sullivan.

Clearly, from the above there exist conflict of opinion and usurps the plaintiff 's right of due process in the present claim against the NTEU. The improper inclusion of attachment #1 is also at issue for related cases so the merits of attachment #1 will result in contradiction of districts.

Consequently, because there is a potential of misconduct

2

charges against Judge Sullivan, he has a vested personal interest in the outcome of the present case, therefore, the case should be reassigned to another judge to provide fairness to the plaintiff. It is further suggested that DC District/Judge Sullivan forward to DC Appeals and/or the Supreme Court a recommendation that the prior case 04-0214 be remanded to DC District.

**Hall Robert M**

To: Ferguson Linda C; Truss Karen D; Brown Brent E
Subject: Re: Steve Ivey

I had an interesting conversation tonight with Lisa Porter (NTEU Rep) concerning Steve Ivey.
He called the union office either Thursday or Friday and spoke to Angela Strong. He told her he was terminated because of his beliefs. She asked him what his beliefs were. He told her that he did not intend to take orders from any nigger or faggot. He asked to speak / meet with the president of the union.
This is all that we know so far, but I wanted to make you aware of what I heard.

*Robert Maupin Hall*

*Chief, Section II-B*

*Data Conversion Branch*

770-455-2528

*Attachment #1*

# Certification of Service

The attached document was sent by certified mail to:

Office of the Clerk
US District Court for DC
US Courthouse
333 Constitution Ave, N.W.
Washington, DC, 20001

And regular mail to:

Gregory O'Dunden
NTEU
1750 H Street, NW
Washington, DC, 20006

9-18-06
Date

Steven Ivey
Plaintiff