RECEIVED
SEP 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

Steven Ivey,

    Plaintiff,

V.

                                Civil Action No. 05-1147

National Treasury Employees Union,

    Defendant.

**AMENDED DEFENDANTS / COMPLAINT AS PER RULE 15**

**A. Amended Defendants**

      Doug Van Buren, Lisa Porter, and Angela Strong and, reserving the right to amend as to identification of supervisors responsible, the plaintiff amends these individuals as defendants.

**B. Amended Complaint**

**I. Libel and Slander**

      From the attached documents to the original compliant and the plaintiff's reply in opposition to the defendants' motion to dismiss, the additional claims of libel and slander are amended. Besides the NTEU these are, particularly, directed at defendants, Lisa Porter and Angela Strong.

1

**II. Issues of Conspiracy**

**1.** 42 U.S.C.S. § 1985 (1),(2), & (3) - Conspiracy to Interfere with Civil Rights

For defendants Doug Van Buren, Lisa Porter, and Angela Strong the issues from the original and replied dismissal opposition are not random. The combined effects demonstrate a pattern of behavior and choice by the defendants to conspire against the plaintiff in order to deprive him of rights; due process; and equal protection under the law in the plaintiff's resolve for violations to taxpayers' documents and to violations reported against himself. During and after the plaintiff's employment, the defendants from facts the attachments and accompanying discussion did participate in behavior counter to the protection and regulations as prescribed by administrative agencies; federal regulations; and individual Rights. These combined are in violation of each section of 42 USCS § 1985.

**2.** 18 USCS § 371 - Conspiracy to Commit Offense or to Defraud US

The NTEU and co-defendants thru improper participation and coercion conspired with the US Treasury to prevent the plaintiff from self protection, self incrimination, and the furtherance of prohibited practices

therefore violating Rights.

From the original and amended complaints there exist explained facts demonstrating that all the defendants through repeated collective pattern conspired to allow and create adverse effects towards the plaintiff.

**III. Issues of Perjury**

1. 18 USCS § 1621 - Perjury

Because defendant Angela Strong committed perjury in her report to Lisa Porter and subsequently to the IRS/ Robert Hall the plaintiff brings this claim to be amended. More impertinently, plaintiff who was able to show that damages to himself by reason of defendant's false testimony, would be permitted to recover on basis of false representation, even though recovery would not lie simply for perjury which caused failure of plaintiff's suit in which defendant had testified falsely.
Morgan v. Graham , (1956, CA10, Okla) 228 F2d 625, 54 ALR2d 1290. Plaintiff may recover for damages suffered through employment discharge following hearing in which defendants submitted false and perjured testimony, although no action would lie for perjury as such, it would lie when perjury was merely part of larger conspiracy. Robinson v. Missouri

Pacific Transp. Co. (1949, DC Ark) 85 F Supp 235. Retaliation, i.e.

Supreme Court; attachments# 3 and 4, particularly after the

fact; after being employed

**2.** 18 USCS § 1622 - Subornation of Perjury - whoever procures another to commit any perjury is guilty of subornation of Perjury

Under this statute Lisa Porter assisted and aided and abetted

the use of perjury to conspire against and create harm to the plaintiff.

Perpetuating the issues of false record and slander in use with investigation

demonstrates this claim

Additionally, in regards to the NTEU as "not a person" the

plaintiff refers to 18 USCS § 1622, also, in that there is no identifiable

person given by the NTEU for being held responsible as supervisor for the

related NTEU representatives. However, the plaintiff reserves the right to

amend this individual as needed.

**IV.** First Amendment

The plaintiff was not given proper due process by means of

restricting his First Amendment Rights. The incident in question

March 5, 2001, (attachment # 2) involving the coercion of the NTEU/Doug

Van Buren effectively violated the plaintiff's First Amendment Rights to be

heard on defense of the allegations of the US Treasury.

First Amendment violations were, further, committed as a result of the coercion of Doug Van Buren as seen with attachment # 2. The accusations and coercion to sign such a false statement effectively limited the plaintiff First Amendment Right to report incidences of public interest and concern. The document contains a statement that "Kelly Mancle was picking on the [plaintiff]." This statement is a protected disclosure which along with Doug Van Buren/NTEU being told during this March 5, 2001 meeting about prohibited practices and the reporting thereof demonstrates that the NTEU acted with conspiratory action against the plaintiff.

The continued First Amendment violations can be seen by the projection onto the plaintiff of the incident of attachment # 4. This violates the plaintiff's speech right to not say anything and to project a mis-representation of the plaintiff's character.

These First Amendment violations involve, matters of public concern that may form basis protected speech of public employee under First Amendment are those that can be fairly considered as relating to any matter of political, social, or other concern of the community.
Cooper v Town of Bar Nun, D Wyo 2003, 2003 WL 1889017, Const. Law

90.1 (7.2). Diffusing the issues of "public concern" and "public interest" - because of these there is protection of First Amendment as the issues relate to political, social, and/or other (efficiency) concerns the integrity and community. With regards to, alleged supervisory tolerance of harassment of county corrections officer by his coworkers, based on officer's reporting of fellow officers' misconduct, was a "matter of public concern" for purposes of officer's First Amendment claim under 42 USCS 1983. <u>Baron v Hickey</u>, D Mass 2003, 242 F Supp 2 d, 66. The plaintiff as initially and continuously has reported violations as the have evolved even after the plaintiff was employed by the IRS/US Treasury.

V. Retaliation

      From the proceedings for this case as entered the plaintiff reserves the right to have the issues reviewed for facts and damages resulting from retaliation towards the plaintiff.

**C. Claims for Damages**

      With the above amended defendants and violations the plaintiff is requesting the additional, compensatory and punitive damages associated accordingly with each defendant and adverse affect. This is conjunction with the original complaint.

The NTEU is involved through vicarious liability given the combined effects of the claims.

Libel and slander (pro se) incur implied damages to the plaintiff, with the exception given to slander per quod of any remaining issue. These issues the defamation of the plaintiff's reputation and credibility resulting in moral turpitude.

The damages were compounded by the repeated discrimination and knowledge of what had preceded the actions of the NTEU and continued after the plaintiff was employed at the IRS/US Treasury center.

## Certification of Service

The attached document was sent by certified mail to:

Office of the Clerk
US District Court for DC
US Courthouse
333 Constitution Ave, N.W.
Washington, DC, 20001

And regular mail to:

Gregory O'Dunden
NTEU
1750 H Street, NW
Washington, DC, 20006

9-18-06
Date

Steven Ivey
Plaintiff