IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                          )
                                      )
        Plaintiff,                    )
                                      )
            v.                        )    No. 1:05CV01147 (EGS)
                                      )
NATIONAL TREASURY EMPLOYEES UNION,    )
et al.,                               )
                                      )
        Defendants.                   )
_____)

### DEFENDANT NATIONAL TREASURY EMPLOYEES UNION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant National Treasury Employees Union (NTEU) hereby moves this Court to dismiss the amended complaint filed by the plaintiff Steven Ivey in this action. As shown in the accompanying memorandum, this Court lacks jurisdiction over Mr. Ivey's amended complaint and his amended complaint fails to state a claim upon which relief can be granted. Accordingly, NTEU respectfully requests that the Court dismiss Mr. Ivey's amended complaint in its entirety with prejudice.

Respectfully submitted,

GREGORY O'DUDEN
General Counsel

BARBARA A. ATKIN
Deputy General Counsel

```
                              /s/ L. Pat Wynns
                              L. PAT WYNNS
                              Associate General Counsel for
                              Appellate Litigation

                              /s/ Robert H. Shriver, III
                              ROBERT H. SHRIVER, III
                              Assistant Counsel

                              NATIONAL TREASURY EMPLOYEES UNION
                              1750 H Street, NW
                              Washington, DC 20006
                              (202) 572-5553

Date:  October 3, 2006       Counsel for Defendant NTEU
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                          )
                                      )
        Plaintiff,                    )
                                      )
            v.                        )    No. 1:05CV01147  (EGS)
                                      )
NATIONAL TREASURY EMPLOYEES UNION,    )
et al.,                               )
                                      )
        Defendants.                   )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL TREASURY EMPLOYEES UNION'S MOTION TO DISMISS THE
PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF JURISDICTION AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal
Rules of Civil Procedure, defendant National Treasury Employees
Union (NTEU) hereby submits this memorandum in support of its
motion to dismiss the amended complaint in this action, filed
pro se by plaintiff Steven Ivey.  Mr. Ivey's amended complaint
is mostly incomprehensible and, even read in a light most
favorable to him, fails to cure the fatal flaws identified in
NTEU's motion to dismiss his original complaint and in its
response to Mr. Ivey's motion to amend his complaint.[1]  Mr. Ivey
continues to pursue claims in his amended complaint that could
only have been brought before the Federal Labor Relations

_____

[1] Now recognizing that he did not need leave of the Court to
amend his original complaint, Mr. Ivey has withdrawn his motion
seeking leave to amend and filed the amended complaint at issue
in this motion.

Authority.  But even if this Court had jurisdiction over his claims, none of them presents a viable cause of action. Accordingly, the Court should dismiss Mr. Ivey's amended complaint in its entirety with prejudice.[2]

## BACKGROUND

Mr. Ivey was removed from his position with the IRS on March 7, 2001.  See Ivey v. Department of the Treasury, 94 M.S.P.R. 224 (2003) (attachment 9 to Am. Compl.).  He subsequently pursued various administrative and judicial actions against the Department of Treasury connected to his removal. See Decl. of Steven Ivey at ¶¶ 4-6 (unnumbered attachment to Am. Compl.).  NTEU was not a party to any of those actions.

Mr. Ivey initiated this action against NTEU on April 28, 2005.  See Compl. at 1.  Though the clerk date-stamped his complaint the day it was submitted, it was not stamped as "filed" until June 9, 2005.  See id.  On that same day, this Court issued a decision dismissing the complaint on the ground that the allegations it contained were subsumed within the other five district court complaints Mr. Ivey had filed in connection with his removal from the IRS.  See Ivey v. NTEU, No. 05-1147, slip op. at 2 (D.D.C., June 9, 2005).  At that time, NTEU had

---

[2] The arguments for dismissal set forth below establish that dismissal is appropriate with respect to all defendants named in Mr. Ivey's amended complaint.

not been served with the complaint and had not participated in the litigation.

Mr. Ivey appealed the dismissal of his complaint to the United States Court of Appeals for the D.C. Circuit. See Ivey v. NTEU, No. 05-5306 (D.C. Cir., Mar. 13, 2006) (per curiam). NTEU was not served with the notice of appeal nor with any of the papers filed in the appellate proceedings, and it did not participate in those proceedings. On March 13, 2006, the D.C. Circuit issued an order remanding the case to this Court on the ground that Mr. Ivey's complaint raises different claims against a different party than those involved in his previously filed complaints. See id. NTEU was first served with Mr. Ivey's initial complaint on July 5, 2006. NTEU filed a motion to dismiss that complaint on July 25, 2006.[3]

Mr. Ivey has now filed an amended complaint, which he served on NTEU on September 18, 2006. See Am. Compl. Mr. Ivey's amended complaint alleges claims for (1) libel and slander; (2) conspiracy under 42 U.S.C. § 1985; (3) conspiracy under 18 U.S.C. § 371; (4) perjury under 18 U.S.C. § 1621; (5) subornation of perjury under 18 U.S.C. § 1622; (6) violation of First Amendment rights; and (7) retaliation. Id. at 1-6. Mr.

---

[3] After that motion was fully briefed, Mr. Ivey filed a sur-reply, without seeking consent of NTEU or leave of the Court. See Opp. to Def's Mem. and Reply Dated Sept. 1, 2006 (filed Sept. 18, 2006). That sur-reply has been rendered moot by the filing of an amended complaint.

Ivey has not re-alleged the claims contained in his initial complaint.  See id. at 1-7.  His amended complaint, however, refers at times to his original complaint, and NTEU will therefore presume that Mr. Ivey has incorporated the claims in his original complaint into his amended complaint.  The original complaint contained claims under Title 18, Title 42, and the Fifth Amendment.  See Compl. at 3-4.

NTEU has moved to dismiss Mr. Ivey's amended complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted.[4]  See Fed. R. Civ. Proc. 12(b)(1), (6). NTEU offers this memorandum in support of its motion.

## ARGUMENT

### I.   All but One of Mr. Ivey's Claims Are Precluded by the CSRA

Mr. Ivey takes issue with various actions he alleges NTEU took in connection with his removal from his position with the IRS in 2001, claiming that NTEU has violated the First Amendment, Fifth Amendment, several provisions of Title 18, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and 2000e.  He also claims that NTEU has retaliated against him in some unspecified

---

[4] Mr. Ivey has also filed a motion in which he seeks recusal of the judge assigned to this case.  See Mot. to Reassign Judge to Case (Sept. 18, 2006).  Recusal is apparently sought because the judge has seen the text of an e-mail message that Mr. Ivey claims is defamatory.  That, of course, is not grounds for recusal, especially when it was Mr. Ivey himself who attached the e-mail message at issue to his original complaint.

fashion.  All of these claims are precluded by Chapter 71 of the Civil Service Reform Act, 5 U.S.C. §§ 7101-7135a.[5]

The amended complaint contains virtually no factual allegations.  Accordingly, we rely on the sparse allegations contained in the original complaint to provide some context to Mr. Ivey's claims.  As the basis for his various claims, Mr. Ivey alleges (Compl. at 1-3) that NTEU (a) was inappropriately "presen[t]" at his termination; (b) "coerce[ed]" his termination; (c) "participate[d] in conjunction with Treasury to have the plaintiff removed"; (d) encouraged plaintiff to sign a false statement incriminating himself in connection with his removal; (e) failed to respond to plaintiff's request for direction and assistance in dealing with his removal; (f) submitted false reports to, and acted collectively with, Treasury to remove plaintiff; and (g) discriminated against plaintiff in connection with his removal.[6]

---

[5] Mr. Ivey's libel and slander claim may also be precluded by the CSRA due to its connection to his removal proceedings.  It is unnecessary for the Court to reach this more complex issue, though, because, as shown below (at 8-10), the libel/slander claim is time-barred.

[6] NTEU denies the factual allegations contained in the complaint, but for purposes of considering NTEU's motion to dismiss, the Court is required, of course, to "construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations."  Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004).  As shown, dismissal is appropriate under that standard.

These factual allegations make clear that Mr. Ivey's claims concern NTEU's representation of him in connection with his removal. Thus, they "amount to nothing more than an allegation that NTEU breached [its] duty of fair representation," a matter over which this Court lacks jurisdiction, as shown below. Buesgens v. Coates, 2006 U.S. Dist. LEXIS 27383, *9 (D.D.C., May 9, 2006) (attached) (dismissing for lack of jurisdiction former federal employee's claims that union violated Title VII in representing him).

A union that is the exclusive representative of a bargaining unit of federal employees has a duty to represent all bargaining unit employees in a fair manner, without discrimination and without regard to union membership. See 5 U.S.C. § 7114(a)(1). A charge that a union has acted arbitrarily or in bad faith to the detriment of a member amounts to a claim that the union breached its duty of fair representation. See Nat'l Fed'n of Fed. Employees, Local 1453 and Crawford, 23 F.L.R.A. 686 (1986) (duty of fair representation case arising from employee's allegation that union should have filed a grievance to challenge her termination). Mr. Ivey's claims fit squarely within this standard: he charges that NTEU failed to assist him in connection with his removal from his federal job, encouraged him

6

to sign a statement he contends was incriminating, and otherwise supported IRS and/or Treasury in its efforts to remove him.

Any breach of the duty of fair representation constitutes an unfair labor practice (ULP).  See 5 U.S.C. § 7116(b)(1) (ULP for union to interfere with, restrain, or coerce any employee in the exercise of any Chapter 71 right); 7116(b)(2) (ULP for a union to cause or attempt to cause an agency to discriminate against an employee in the exercise of any Chapter 71 right); 7116(b)(8) (ULP to otherwise fail or refuse to comply with any provision of Chapter 71).  Chapter 71 provides the exclusive administrative procedures for bringing a charge against a union for breach of its duty of fair representation.  See Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 529-36 (1989); Abbott v. United States, 144 F.3d 1, 4-6 (1st Cir. 1998).  It gives the Federal Labor Relations Authority (FLRA) exclusive jurisdiction over charges that a federal sector union breached the duty.  Id.  The only recourse for a federal employee alleging that a union has violated its duty of fair representation is to file an unfair labor practice charge with the FLRA.[7]  Id.  Federal employees do not have a private cause of

---

[7] The time for filing such a charge has expired.  See 5 U.S.C. § 7118(a)(4)(B) (the General Counsel of the FLRA may issue a complaint based on a charge of an unfair labor practice if the charge was filed within six months of the discovery of alleged unfair labor practice).

action against their unions for breaches of the duty of fair representation.  Id.

Applying this precedent, Mr. Ivey's claims must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) for lack of jurisdiction.  Karahalios, 489 U.S. at 531-32.

## II.  Mr. Ivey's Claims Also Must Fail Because They Are Time-Barred, Fail To State a Claim Upon Which Relief Can Be Granted, and/or Because Mr. Ivey Has Failed To Exhaust His Administrative Remedies

Even if Mr. Ivey's claims were not precluded by the CSRA, they would still have to be dismissed because they do not state a claim upon which relief can be granted, the statute of limitations has expired, and/or Mr. Ivey has failed to exhaust his administrative remedies.  Each of these bases for dismissal is discussed below.

### A.    Mr. Ivey's Claims for Libel and Slander Are Time-Barred

Mr. Ivey's libel and slander claim (hereafter referred to as his defamation claim) arise from an e-mail message from one IRS manager to another IRS manager relating a conversation the manager allegedly had with a NTEU steward.  See Att. 4 to Compl. Mr. Ivey makes no allegation in his amended complaint concerning the date on which this conversation allegedly occurred.  In his initial complaint, though, he alleges that the NTEU steward published the statement to which he now objects on or about March 30, 2001.  See Compl. at 2; see also Decl. of Steven Ivey

at ¶ 9.  Mr. Ivey does not allege that NTEU (or any of the other defendants he now names) has ever re-published the statement about which he complains.  Rather, he claims that "the US Treasury continues to use the [allegedly] false document to discredit the plaintiff. . . ."  Opp. to Def's Memo. and Reply Dated Sept. 1, 2006, at 6 (docketed as Mr. Ivey's sur-reply in opposition to defendant's motion to dismiss).  Thus, his newly alleged defamation claim arises from a publication allegedly occurring five-and-one-half years ago.  This claim is time-barred.

Mr. Ivey fails to allege sufficient facts in his amended complaint to ascertain the appropriate state's statute of limitations applicable to this defamation claim.  He previously has indicated that events giving rise to his claim occurred in Georgia, Virginia, and/or Washington, DC.  <u>See</u> Pl. Reply to Def's Mot. To Dismiss with Related Corrections at ¶¶ 2, 7, 10, 13.  Mr. Ivey currently resides in Florida.  Without addressing which of these jurisdictions' laws apply to his claim, we note that each has a one-year statute of limitations for defamation claims.  <u>See</u> <u>Gov't Micro Resources, Inc. v. Jackson</u>, 624 S.E.2d 63, 67-68 (Va. 2006) (citing Va. Code § 8.01-247.1); <u>Oparaugo v.</u> <u>Watts</u>, 884 A.2d 63, 72-73 (D.C. 2005); <u>McClesky v. Vericon</u> <u>Resources, Inc.</u>, 589 S.E.2d 854, 856 (Ga. Ct. App. 2003) (citing O.C.G.A. § 9-3-33); <u>Wagner, Nugent, Johnson, Roth, Romano,</u>

Erikson & Kupfer, P.A. v. Flanagan, 629 So.2d 113, (Fla. 1993)
(per curiam) (citing Fla. Stat. § 95.11).  Because Mr. Ivey's
defamation claim arises from a publication allegedly occurring
more than one year from the filing of his complaints, it is
time-barred and must be dismissed.

> **B.   Constitutional Claims Are Not Cognizable Against NTEU
> Because It Is Not a Government Actor**

Mr. Ivey contends that NTEU violated his First and Fifth
Amendment rights (see Orig. Compl. at 2; Am. Compl. at 4-6) when
(1) a union steward allegedly encouraged him to sign a statement
that he claims was incriminating in connection with IRS removal
proceedings and (2) another union steward allegedly defamed him
in a conversation he contends the steward had with an IRS
manager.  Neither the First nor the Fifth Amendment is
implicated here.  By their terms, those Amendments apply only to
government actors, and NTEU is not a government actor.  See U.S.
Const., First Amend. and Fifth Amend; Deshaney v. Winnebago
County Dep't of Soc. Serv., 489 U.S. 189, 196 (1989) (the due
process clauses of the Fifth and Fourteenth Amendments were
"intended to prevent government 'from abusing [its] power, or
employing it as an instrument of oppression.'") (internal
citation omitted) (emphasis supplied).  Accordingly, Mr. Ivey's
First and Fifth Amendment claims should be dismissed pursuant to

Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted.

**C.    The Title 18 Provisions on Which Mr. Ivey Relies Do Not Afford a Private Right of Action**

Mr. Ivey charges NTEU with violating various provisions of Title 18. As shown in the cases cited below, there is no private right of action to enforce these criminal provisions. Only federal legal authorities may prosecute alleged violations of the cited statutes. See, e.g., Rockefeller v. United States Ct. of App. Off. for 10th Cir. Judges, 248 F. Supp. 2d 17 (D.D.C. 2003). Accordingly, all of Mr. Ivey's Title 18 claims should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted:

1.    **18 U.S.C. § 241** (conspiracy to deprive constitutional rights): See Peabody v. United States, 394 F.2d 175 (9th Cir. 1968), cert. denied, 393 U.S. 1033 (1969).

2.    **18 U.S.C. § 242** (deprivation of civil rights under color of law): See Peabody, 394 F.2d 175; Rockefeller, 248 F. Supp. 2d 17.

3.    **18 U.S.C. § 371** (conspiracy to commit offense or to defraud United States): See Rapoport v. Republic of Mexico, 619 F. Supp. 1476 (D.D.C. 1985).

4.    **18 U.S.C. § 1001** (falsifying records): See Williams v. McCausland, 791 F. Supp. 992 (S.D.N.Y. 1992).

5.   **18 U.S.C. § 1341** (frauds and swindles):  See Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, reh'g and reh'g en banc denied, 1999 U.S. App. LEXIS 3590 (8th Cir. 1999); Wiggins v. Phillip Morris, Inc., 853 F. Supp. 470 (D.D.C. 1994).

6.   **18 U.S.C. § 1621** (perjury) and **§ 1622** (subornation of perjury):  See United States v. Silverman, 106 F.2d 750 (3d Cir. 1939) (perjury and subornation are part and parcel of the same offense); Roemer v. Crow, 993 F. Supp. 834 (D. Kan.), aff'd 162 F.3d 1174 (10th Cir. 1998) (no private right of action under perjury statute).

**D.   Mr. Ivey's Civil Rights Claims Are Barred by Applicable Statutes of Limitations or by His Failure To Exhaust Administrative Remedies, and, in Any Event, They Fail To State a Claim Upon Which Relief Can Be Granted**

Mr. Ivey alleges that NTEU has violated 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.  These claims all arise from events Mr. Ivey contends occurred in connection with his removal from the IRS on March 7, 2001.  The latest event cited in either complaint is alleged to have occurred on March 30, 2001.  See Compl. at 2.  As shown below, each of these Title 42 claims is time-barred.  In addition, Mr. Ivey alleges that NTEU has discriminated against him in violation of Title VII of the Civil Rights Act.  See 42 U.S.C. § 2000e.  This claim must be dismissed because Mr. Ivey has failed to exhaust his administrative remedies.  Finally, Mr. Ivey has failed to state

12

a claim upon which relief can be granted under any of the civil rights statutes, thus requiring dismissal of his claims pursuant to Fed. R. Civ. Proc. 12(b)(6).

1.    **42 U.S.C. § 1981.**  This statute prohibits discrimination in making and enforcing contracts.  The Supreme Court has held that there are two statutes of limitations that apply to Section 1981 actions.  See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004).  If the claim arises under the 1991 amendments to Section 1981, then the four-year federal catchall statute of limitations (28 U.S.C. § 1658(a)) applies. Jones, 541 U.S. at 382.  That statute of limitations was enacted in 1990 and applies only to rights created after its enactment. Id.

Though not clear from his allegations, it appears that Mr. Ivey is claiming that NTEU conspired with IRS to terminate an alleged contract of employment with Treasury or IRS.  Assuming that a contract termination claim arises under the 1991 amendments to Section 1981, the four-year statute of limitations would govern.  Mr. Ivey presented his complaint to the Court more than four years after the conduct of which he complains allegedly occurred, so his Section 1981 claim is time-barred under 28 U.S.C. § 1658(a).

The statute of limitations is even shorter if Mr. Ivey's claim is read to arise under the version of Section 1981

13

existing prior to the 1991 amendments.  In those cases, the
personal injury statute of the forum state applies.  <u>Jones</u>, 541
U.S. at 382.  In the District of Columbia, where this case was
filed, the personal injury statute of limitations is three
years.  D.C. Code § 12-301(8).  In Georgia, where the events
giving rise to this action allegedly occurred, the personal
injury statute of limitations is two years.  O.C.G.A. § 9-3-33.
Mr. Ivey's claim is too late under either statute.[8]

In any event, Mr. Ivey's Section 1981 claim must be
dismissed for failure to state a claim upon which relief can be
granted.  Though Mr. Ivey has cited Section 1981, he does not
allege anywhere in his complaint that he had a contract with
NTEU, or sought to make a contract with NTEU.  The absence of a
contractual allegation is fatal to his Section 1981 claims.  <u>See</u>
<u>Gonzales v. Ingersoll Milling Machine Co.</u>, 133 F.3d 1025, 1034
(7th Cir. 1998) ("In order to bring a section 1981 claim there
must at least be a contract").

    **2.  42 U.S.C. § 1983.**  This statute prohibits the
deprivation of civil rights under color of law.  The Supreme

---

[8] It is also too late in the event that either the Virginia or
Florida personal injury statutes of limitations applies.  <u>See</u>
Va. Code Ann. 8.01-243 (Michie 2000) (two-year statute of
limitations); <u>City of Hialeah v. Rojas</u>, 311 F.3d 1096, 1102 n.2
(11th Cir. 2002) ("Section 1983 claims are governed by the forum
state's residual personal injury statute of limitations, which
in Florida is four years").

Court has held that all Section 1983 actions are to be considered actions to recover damages for injury to the person for purposes of determining the applicable statute of limitations.  See Wilson v. Garcia, 471 U.S. 261 (1985). Accordingly, the personal injury statute of limitations for the forum state applies.  As mentioned above (at 14), it is four years in Florida, three years in the District of Columbia, and two years in Georgia and Virginia.  Mr. Ivey's Section 1983 claim, therefore, is time-barred under any of these statutes.

Mr. Ivey's Section 1983 claim should also be dismissed because, as discussed above (at 10-11), he has failed to state any claim of a violation of the Constitution or a federal statute upon which relief can be granted.  Without stating a claim for any such violation, there can be no cognizable Section 1983 claim.  See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by . . . the United States Constitution and federal statutes.").

**3.    42 U.S.C. § 1985.**  Mr. Ivey alleges in his amended complaint that NTEU has violated Section 1985.  The same statutes of limitations that apply to Section 1983 also apply to Section 1985 claims.  See McDougal v. County of Imperial, 942 F.2d 668 (9th Cir. 1991).  Accordingly, for the reasons stated above, this claim is time-barred.

In addition, Mr. Ivey has failed to state a claim upon which relief could be granted because he has not alleged that there was an "agreement" between two or more "persons" to commit an "unlawful act," all essential elements of a Section 1985 claim.  See Brug v. Nat'l Coalition for the Homeless, 45 F. Supp. 2d 33, 40 (D.D.C. 1999).  For there to be an "agreement," there must be a "meeting of the minds" between defendants.  Id. (citing Graves v. United States, 961 F. Supp. 314, 320 (D.D.C. 1997)).  "Conclusory," "vague," or "general allegations" of conspiracy, such as those contained in Mr. Ivey's complaints, are insufficient.  Brug, 45 F. Supp. 2d at 41 (quoting Hobson v. Wilson, 737 F.2d 1, 30 (D.C. Cir. 1984)).

Moreover, Mr. Ivey appears to allege that the conspiracy involved NTEU and IRS or Treasury.  The federal government, however, has not waived sovereign immunity with respect to Section 1985 claims and, therefore, neither IRS nor Treasury constitutes a "person" under that law.  See Hohri v. United States, 782 F.2d 227, 245 n. 43 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987); Brug, 45 F. Supp. 2d at 40. Accordingly, the complaint lacks the essential allegation that NTEU conspired with another person.[9]

---

[9] Mr. Ivey "reserves the right" to add IRS supervisors as defendants.  Am. Compl. at 1.  That would not cure the defects in this claim, though, as supervisors acting in their official capacities also do not qualify as "persons" under Section 1985.

Lastly, there was no "unlawful act" that could form the basis of a conspiracy claim. Mr. Ivey must establish a conspiracy (1) to prevent an officer from performing his duties, (2) to obstruct justice, or (3) to deprive someone of the equal protection of the law. He has failed to make sufficient allegations under any of these provisions. Mr. Ivey's untimely Section 1985 claim, therefore, is irreparably flawed for these independent reasons as well.

**4. 42 U.S.C. § 1986**. This statute provides a cause of action for neglect to prevent civil rights violations. It explicitly provides that actions must be commenced within one year after the cause of action has accrued. Mr. Ivey's Section 1986 claim, therefore, is time-barred. It should also be dismissed for failure to state a claim because a Section 1986 action can only succeed if the plaintiff also prevails on a Section 1985 action. See McCalden v. Calif. Library Ass'n, 955 F.2d 1214 (9th Cir.), cert. denied, 504 U.S. 957 (1990). As shown above (at 15-16), Mr. Ivey cannot prevail on his Section 1985 action.

**5. 42 U.S.C. § 1988**. This statute establishes rules for determining the law to apply in a civil rights action and also

---

See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, therefore he or she is not a "person" under § 1983).

provides for payment of attorney and expert witness fees to prevailing parties. As none of Mr. Ivey's civil rights claims can survive this motion to dismiss, he cannot be a prevailing party and therefore is not entitled to recover attorney or expert fees under this section. Accordingly, his Section 1988 claim should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

**6. 42 U.S.C. § 2000e.** Mr. Ivey alleges that NTEU discriminated against him in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Before proceeding to court in a Title VII action, a plaintiff must file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge. See Marshall v. Federal Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997). Only by pursuing his claim with the administrative agency may he obtain a right-to-sue letter against the party named in the complaint, authorizing him to proceed to court. Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995); see also Williams v. Washington Metropolitan Area Transit Authority, 721 F.2d 1412, 1413 (D.C. Cir. 1983).

Mr. Ivey does not allege that he has filed a timely complaint against NTEU before the appropriate administrative agency, nor has he alleged that he obtained the requisite right-

to-sue letter.   29 C.F.R. § 1614.105; 42 U.S.C. § 12117.

Moreover, NTEU is aware of no proceeding before the EEOC or a

state agency initiated by Mr. Ivey against NTEU.[10]  Accordingly,

this Court lacks subject matter jurisdiction over Mr. Ivey's

Title VII claim.[11]

   Mr. Ivey's Title VII claim must also be dismissed for

failure to state a claim upon which relief can be granted.  He

has not identified the basis for the alleged discrimination.

Title VII prohibits discrimination based on race, color,

religion, sex, and national origin.  5 U.S.C. § 2000e-2.  Mr.

Ivey invokes Title VII and uses the words "discriminatory" and

"discriminated" in his original complaint (at 2, 3), but he does

not specify the reason for the alleged discrimination (e.g., his

race, color, religion, sex, or national origin).  No mention of

this claim appears in his amended complaint.  Accordingly, Mr.

Ivey cannot establish a <u>prima facie</u> case of a Title VII

---

[10] It appears from the original complaint (at 3) that Mr. Ivey
alleges he "formally" contacted the EEOC to lodge a complaint
against Treasury.  He does not allege that he obtained a right
to sue letter from the EEOC but even if he did, it would apply
only to Treasury, because NTEU was not a party to any EEOC
action Mr. Ivey may have brought.

[11] This Court may also lack jurisdiction on the ground that Title
VII does not govern the conduct of federal sector labor
organizations.  Though NTEU does not waive that argument, it
does not brief it here, because the Court so clearly lacks
jurisdiction for other reasons, even if NTEU could be a proper
Title VII defendant.

violation, and his Title VII claim must also be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).[12]

### D.    Mr. Ivey Has Alleged No Facts To Support a Retaliation Claim

Mr. Ivey's amended complaint (at 6) "reserves the right to have the issues reviewed for facts and damages resulting from retaliation towards the plaintiff." It is not clear from this opaque statement whether Mr. Ivey is actually bringing a retaliation claim. If he is, that claim should also be dismissed for failure to state a claim upon which relief can be granted. Mr. Ivey cites to no statutory provisions and provides no factual basis for any such claim. In fact, Mr. Ivey has not engaged in any statutorily protected activity hostile to NTEU. Without having engaged in any protected activity that might prompt alleged retaliatory action, there can be no retaliation claim. Accordingly, to the extent Mr. Ivey is bringing as retaliation claim, it must also be dismissed.

---

[12] The original complaint (at 4) contains a stray reference to the Rehabilitation Act, 29 U.S.C. § 791(c). It does not appear that Mr. Ivey is alleging a violation of that Act; rather he seeks appointment of counsel under it (and Title VII). In any event, the Rehabilitation Act does not apply to NTEU, and Mr. Ivey does not allege that he is disabled. See Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971, 60 F.3d 1375, 1381-83 (9th Cir. 1995) (Rehabilitation Act does not apply to union not receiving federal assistance); Lohf v. Runyon, 999 F. Supp. 1430, 1441-42 (D. Kan. 1998), aff'd, 176 F.3d 488 (10th Cir. 1999) (federal sector unions do not receive federal assistance). He therefore cannot state a claim.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant NTEU respectfully requests that the Court dismiss Mr. Ivey's complaint in its entirety with prejudice.

Respectfully submitted,

GREGORY O'DUDEN
General Counsel

BARBARA A. ATKIN
Deputy General Counsel

/s/ L. Pat Wynns
L. PAT WYNNS
Associate General Counsel for
Appellate Litigation

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5553

Date: October 3, 2006    Counsel for Defendant NTEU

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                              )
                                          )
        Plaintiff,                        )
                                          )
            v.                            )    No. 1:05CV01147   (EGS)
                                          )
NATIONAL TREASURY EMPLOYEES UNION,        )
et al.                                    )
                                          )
        Defendants.                       )
_____ )

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Defendant National
Treasury Employee Union's Motion to Dismiss Plaintiff's Amended
Complaint for Lack of Subject Matter Jurisdiction and Failure To
State a Claim Upon Which Relief Can Be Granted, and Defendant
National Treasury Employees Union's Memorandum of Points and
Authorities in Support of Its Motion to Dismiss Plaintiff's
Amended Complaint to be served today on the following person via
first-class mail (postage prepaid):

                    Steven Ivey
                    7611 S. Orange Bl. Tr.
                    # 278
                    Orlando, FL 32809

<u>10-3-06</u>
Date                              Robert H. Shriver, III
                                  Assistant Counsel