IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
STEVEN IVEY,                           )
                                       )
     Plaintiff,                        )
                                       )
          v.                           )    No. 1:05CV01147  (EGS)
                                       )
NATIONAL TREASURY EMPLOYEES UNION,     )
et al.,                                )
                                       )
     Defendants.                       )
                                       )
```

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT NATIONAL
TREASURY EMPLOYEES UNION'S MOTION TO DISMISS
THE PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Steven Ivey served an amended complaint on the defendant National Treasury Employees Union (NTEU) on September 18, 2006. NTEU filed a motion to dismiss the amended complaint and supporting memorandum (Opening Memo) on October 3, 2006, showing that this Court lacks subject-matter jurisdiction over Ivey's claims and that Ivey has failed to state a claim upon which relief could be granted. Ivey served NTEU with an untimely opposition to that motion on October 23, 2006.[1]

---

[1] The local rules require responses to motions to be filed within 11 days of the date they are served. See LCvR 7(b). When a party must respond to a document served upon him by mail, the federal rules add three more days to the applicable local court deadline. See Fed. R. Civ. Proc. 6(e). NTEU filed an errata to correct a citation in its memorandum supporting its motion to dismiss the day after the motion was filed, on October 4, 2006. Even assuming for argument's sake that October 4 is the date of service, Ivey's opposition to the motion would have been due by October 18, 2006. He did not seek NTEU's consent nor leave of the Court to extend the deadline for filing his opposition.

NTEU showed in its opening memorandum that, construing Ivey's sparse factual allegations in a light most favorable to him, all of the claims contained in his amended complaint should be dismissed for lack of subject-matter jurisdiction and/or for failure to state a claim upon which relief can be granted.  None of the responses offered by Ivey refutes NTEU's defenses.[2]

**A.  Ivey's Claims Are Precluded by the CSRA**

In our opening memorandum (at 4-8), we showed that all of Ivey's claims, with the exception of his defamation claims, are precluded by Chapter 71 of the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7101-35.  That is because his claims amount to nothing more than a charge that NTEU has violated its duty of fair representation, an unfair labor practice over which the Federal Labor Relations Authority (FLRA) has exclusive jurisdiction.  See Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 529-36 (1989).

---

[2] Ivey's opposition to NTEU's motion is fashioned as "Plaintiff's Reply to Defendant's Motion To Dismiss and Memorandum Dated October 3, 2006" (Ivey Reply).  It consists of various paragraphs numbered 19 to 39.  Apparently, Ivey's opposition incorporates a memorandum he previously filed, which he fashioned as "Plaintiff's Reply to Defendant's Motion To Dismiss with Related Corrections" (Ivey's Aug. 14, 2006 Reply).  That document contains paragraphs numbered 1 through 18.  NTEU has previously filed a reply refuting the contentions made in the August 14 filing and will respond here only to the arguments raised in Ivey's October 23 submission.  See Reply Mem. in Supp. of Def. Mot. to Dismiss (filed Sept. 1, 2006).

As he did in opposition to our motion to dismiss his original complaint, Ivey again responds to our CSRA preclusion argument by arguing that his claims are for "intentional and willful" conduct and as a result, that they should fall outside the CSRA's exclusive remedial scheme for duty of fair representation claims.  See Ivey Reply at 4.  This argument, however, goes to the <u>merits</u> of his duty of fair representation charge; it does not establish <u>jurisdiction</u> in this Court to hear such a charge.  See <u>Int'l Ass'n of Machinists Local 39 and Evans</u>, 24 F.L.R.A. 352, 353 (1986).  Thus, to prevail on a charge alleging a breach of NTEU's duty of fair representation, Ivey would have had to establish before the FLRA that the union deliberately and unjustifiably treated him differently from other bargaining unit employees, to his detriment.  See <u>Nat'l Fed'n of Fed. Employees, Local 1453 and Crawford</u>, 23 F.L.R.A. 686, 691 (1986).  That is precisely the type of claim he pursues here.[3]  His exclusive remedy, though, is to file a charge with the FLRA.  See <u>Karahalios</u>, 489 U.S. at 529-36.

---

[3] NTEU, of course, denies that it acted inappropriately in any way toward Ivey, and has never stipulated that its "actions represents [<u>sic</u>] simple neglect of duty," as Ivey claims.  Ivey Reply at 4.

### B.   Ivey's Defamation Claims Are Time-Barred

The only claims that are even arguably not precluded by the exclusive procedures of the CSRA are Ivey's defamation claims for libel and slander.  Those claims, however, are time-barred.

Ivey bases his defamation claims on an oral statement that he alleges a local NTEU official made to an IRS manager in March 2001, and on that manager's e-mail message characterizing the alleged statement, which was sent to three other individuals, presumably IRS managers.  See Att. 4 to Ivey's Orig. Compl. (dated Apr. 28, 2005).  Ivey asserts that he first learned of the alleged oral statement and e-mail when he obtained a copy of the e-mail in January 2003.  See Reply at 2 (noting that Ivey received the e-mail as part of the documents produced by Treasury in January 2003 in his EEO case).

The oral statement allegedly made by a local union official in March 2001 cannot form the basis of a defamation claim against NTEU or any of its local officials.  The applicable statute of limitations for defamation claims is one year.  See Opening Memo at 8-10.  Ivey did not file his defamation claims until September 2006.  See Am. Compl. at 1.  Ivey does not allege that NTEU or any of its local officials repeated the alleged statement at any point after March 2001.  Thus, his defamation claims are time-barred.

Ivey responds that his defamation claims are timely because the "US Treasury" has republished the March 2001 e-mail message in defending against claims brought against it by Ivey in administrative and judicial forums.[4]  See Ivey's Aug. 14, 2006 Reply at 9 (the e-mail message at issue "was used repeatedly in the various related cases submitted by the US Treasury in support of its defenses").  It is well established, though, that the original publisher of an allegedly defamatory statement is not liable for subsequent republications by another publisher if the republication was not reasonably to be expected.  See David A. Elder, Defamation:  A Lawyer's Guide § 1:27, at 1-130 to 1-131 (2003).  Neither NTEU nor the local union official who allegedly made the oral statement to which Ivey now objects could reasonably have expected that an IRS manager would characterize the statement in an e-mail message that IRS would then use to defend itself in administrative and judicial proceedings that at the time had not even been filed.  Accordingly, the alleged republication of the statement by IRS/Treasury does not trigger a cause of action against NTEU or its local union officials.

---

[4] There is no dispute that the e-mail message was drafted by an IRS manager, not by NTEU or any local union official.  Thus, Ivey has failed to state a claim for libel against NTEU or any of its local officials for the additional reason that he does not allege that they ever published the alleged statement in written form.

In any event, statements published in judicial or quasi-judicial proceedings are privileged and generally cannot form the basis of a defamation action. See Elder § 2:5, at 2-30 to 2-36 (internal citations omitted). Ivey does not claim that the alleged statement has been published at any time since March 2001 <u>other than</u> in connection with a judicial or quasi-judicial administrative action that he has initiated. Treasury's alleged republication of the e-mail message in defending against judicial and quasi-judicial claims brought against it by Ivey, therefore, cannot form the basis of a defamation action against anybody.

Because Ivey does not identify any potentially actionable publication of the alleged statement since March 2001, his defamation claims are barred by the applicable one-year statute of limitations. See Opening Memo at 8-10.

**C.   NTEU Is Not a State Actor Subject to the Constitution**

Ivey's constitutional claims are not cognizable against NTEU because, as we showed in our opening memorandum (at 10-11), NTEU is not a state actor. Ivey's bald conclusion that NTEU acted under "color of law" is relevant only to his claim under 42 U.S.C. § 1983, which must be dismissed for the reasons cited in NTEU's opening memorandum (at 14-15).[5]

---

[5] Ivey's Section 1983 claim should be dismissed for the additional reason that his allegations all concern actions taken

6

### D. Title 18 Does Not Afford Ivey a Private Right of Action

Ivey's Title 18 claims are not cognizable because, as we established in our opening memorandum (at 11-12), there is no private right of action to enforce those claims.  Ivey offers nothing in his opposition to cure this legal failing.

### E. Ivey Fails To State a Claim Under Title 42

1. Ivey argues that his Title 42 actions are not time-barred because he did not become aware of the underlying conduct that he alleges forms the basis for such actions until January 2003, when he claims he received as part of an administrative file the documents he identifies as Attachments 1, 3, and 4 to his original complaint.  See Ivey Reply at 2.  Those attachments, however, do not relate to the underlying conduct upon which his Title 42 claims are based.

As shown in our opening memorandum (at 5), Ivey bases his Title 42 claims on allegations that NTEU (a) was inappropriately "presen[t]" at his termination; (b) "coerce[ed]" his termination; (c) "participate[d] in conjunction with Treasury to have the plaintiff removed"; (d) encouraged plaintiff to sign a

---

by the federal government; thus, he fails to allege that NTEU or its local officials took some state action under color of law against him.  See Risley v. Hawk, 918 F. Supp. 18, 21 (D.D.C. 1996), aff'd and reh'g denied by, 108 F.3d 1396 (D.C. Cir. 1997) (federal prisoner's allegations against federal employees alleged no "state action" and, therefore, could not support a Section 1983 claim).

7

false statement incriminating himself in connection with his removal; (e) failed to respond to plaintiff's request for direction and assistance in dealing with his removal; (f) submitted false reports to, and acted collectively with, Treasury to remove plaintiff; and (g) discriminated against plaintiff in connection with his removal.  See Ivey's Original Compl. at 1-3.  All of these allegations arise from conduct NTEU allegedly engaged in at the time of Ivey's removal in March 2001; none concerns conduct about which he first learned after his March 2001 termination.

   The attachments themselves further illustrate the fallacy of his argument.  Attachment 1 appears to be the final page of a letter signed by Yvonne Woods, a "Workforce Relations Consultant" presumably with IRS.  It states simply that the collective bargaining agreement between NTEU and IRS does not cover a termination action being appealed (presumably Ivey's termination).  The document offers no evidence of any misconduct by NTEU that could form the basis of a Title 42 claim.

   Attachment 3 is a note signed by a "Robert" and sent to a "Linda."  The note states that a local union official encouraged an unnamed employee to resign three times, that the employee refused, and that the union official advised "Robert," presumably an IRS manager, to proceed to remove the employee as soon as possible.  See id.  The note also indicates that the

employee "wanted to only have a white steward represent him." Id. Assuming the employee referenced in the note is Ivey, the note is only relevant, if at all, to his claim that NTEU breached its duty of fair representation and to his defamation claims. It has nothing to do with any Title 42 claims that Ivey is now pursuing.

Finally, Attachment 4 is the IRS manager's e-mail message, discussed above (at 4-5), that forms the basis for Ivey's defamation claims. It does not set forth any conduct by NTEU or its local officials that could form the basis of a Title 42 action.

    **2.**    In any event, as shown in our opening memorandum (at 14-20) and above (at 6-7 n.5), Ivey fails to state a claim under any of the Title 42 provisions he cites.

    **F.**    **Ivey Has Not Stated a Claim for Retaliation**

Ivey reaffirms in his reply that he is bringing a claim for "retaliation." See Ivey Reply at 9. Yet, he still has failed to identify the statute under which he is bringing his retaliation claim. He also has not identified the predicate for the alleged retaliation, i.e., he has not identified any statutorily protected activity that he took against NTEU for which NTEU allegedly retaliated against him. Accordingly, he has failed to state a claim upon which relief can be granted.

### G. Ivey's Complaints Do Not Include Claims Arising Under the Additional Statutes He Now Cites

Ivey's reply cites additional statutes that are not encompassed within any of the claims asserted in either his original or amended complaints. See Ivey Reply at 3-5, 10, 14 (alleging violations of the IRS Restructuring and Reform Act of 1998 (RRA) and 5 U.S.C. § 2302(b)(4), (5), and (8)). As he has not properly pled violations of these additional statutes, his complaints should not be read to include claims under either the RRA or 5 U.S.C. § 2302, statutes which, in any event, do not confer jurisdiction on this Court.

## **CONCLUSION**

For the foregoing reasons, as well as those stated in its opening memorandum, defendant NTEU respectfully requests that the Court dismiss Ivey's complaint in its entirety with prejudice.

                                        Respectfully submitted,

                                        /s/ Gregory O'Duden
                                        GREGORY O'DUDEN
                                        General Counsel

                                        /s/ Barbara A. Atkin
                                        BARBARA A ATKIN
                                        Deputy General Counsel

                                        /s/ L. Pat Wynns
                                        L. PAT WYNNS
                                        Associate General Counsel for
                                        Appellate Litigation

                                        /s/ Robert H. Shriver, III
                                        ROBERT H. SHRIVER, III
                                        Assistant Counsel

                                        NATIONAL TREASURY EMPLOYEES UNION
                                        1750 H Street, NW
                                        Washington, DC 20006
                                        (202) 572-5553

Date:  November 1, 2006       Counsel for Defendant NTEU

```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                      )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )   No. 1:05CV01147  (EGS)
                                  )
NATIONAL TREASURY EMPLOYEES UNION, )
et al.                            )
                                  )
     Defendants.                  )
                                  )
```

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANT NATIONAL TREASURY EMPLOYEES UNION'S MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT to be served today on the following person via first-class mail (postage prepaid):

```
          Steven Ivey
          7611 S. Orange Bl. Tr.
          # 278
          Orlando, FL 32809
```

| | |
|---|---|
| 11/1/2006 | /s/ Robert H. Shriver, III |
| Date | Robert H. Shriver, III |
| | Assistant Counsel |