UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> NATIONAL TREASURY : <br> EMPLOYEES UNION, *et al.*, : <br> : <br> Defendants. : | Civil Action No. 05-1147 (EGS) |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss. On consideration of plaintiff's complaint, as amended, defendants' motion and plaintiff's opposition thereto, the Court will grant defendant's motion and will dismiss this action.

I.   BACKGROUND

"Effective March 7, 2001, [plaintiff] was terminated from his GS-13 Data Transcriber position during his probationary period for failing to meet the required standards of performance in his position." Amd. Compl., Attach. 9 (Ivey v. Dep't of the Treasury, 94 M.S.P.R. 224 (2003)).¹ In this action, plaintiff has alleged that his termination came about in part due to the

---

¹ The Court will grant plaintiff's Motion to Cancel Previous Amend Motion [Dkt. #23], and will refer to the "Amended Defendants/Complaint As Per Rule 15" as "Amd. Compl." However, the Court does not presume that plaintiff abandons the claims set forth in his original pleading. The Court, as does defendant, "presume[s] that Mr. Ivey has incorporated the claims in his original complaint into his amended complaint." Memorandum of Points and Authorities in Support of Defendant National Treasury Employees Union's Motion to Dismiss the Plaintiff's Amended Complaint for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted at 4. The Court will not accept plaintiff's subsequent attempt to amend his complaint, *see* Additional Amended Complaint as per Rule 15 [Dkt. #29].

1

improper and unconstitutional acts of the National Treasury Employees Union ("NTEU") and three of its representatives.[2]  *See* Compl. at 1-2; Amd. Compl. at 1.

Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, various federal criminal statutes, and under Title VII of the Civil Rights Act ("Title VII"), *see* 42 U.S.C. § 2000e *et seq.*[3]  *See* Compl at 3; Amd. Compl. at 2.  In addition, plaintiff alleges that defendants Lisa Porter and Angela Strong libeled and slandered him.  Amd. Compl. at 1.  He demands unspecified compensatory and punitive damages.  *Id.* at 6.

## II.  DISCUSSION

### A.  Motion to Dismiss under Rule 12(b)(1)

#### 1. Dismissal for Lack of Subject Matter Jurisdiction

It is plaintiff's burden to establish this Court's subject matter jurisdiction by a preponderance of the evidence.  *See, e.g., Doe v. Goss*, No. 04-2122, 2007 WL 106523, at *3 (D.D.C. Jan. 12, 2007); *District of Columbia Retirement Bd. v. United States*, 657 F.Supp. 428, 431 (D.D.C. 1987).  "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  *Grand Lodge of*

---

[2] For purposes of this motion, the Court presumes without deciding that summonses were issued for defendants Van Buren, Porter, and Strong, that service process properly was effected on these defendants, and that this Court has personal jurisdiction over them.

[3] Plaintiff mentions the Rehabilitation Act of 1973 in his original complaint.  *See* Compl. at 4.  In relevant part, the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a).  Nowhere does plaintiff allege facts even remotely suggesting a viable claim under that Act.

*Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (citing 5A Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ. 2d*, § 1350).  In ruling on a Rule 12(b)(1) motion, the court is not limited to the allegations in the complaint, and may consider material outside of the pleadings to determine whether it has jurisdiction in the case.  *See, e.g., EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997).

2.  <u>Breach of Duty of Fair Representation</u>

With respect to the NTEU, plaintiff complains of a Union steward's "inappropriate presence and coercion" in effecting his termination, Compl. at 1, and accuses the steward of "encourag[ing] Plaintiff to sign a false statement by Robert Hall that would incriminate" him notwithstanding plaintiff's repeated refusal to sign the statement.  *Id.* at 2 & Attach. 2.  Further, plaintiff alleges that the steward "contributed to the Treasury's improper removal of the Plaintiff from employment by recommending 'remov[al of] this employee as soon as possible.'"  *Id.* at 3.  According to plaintiff, the NTEU "acted in a manner discriminatory of the Plaintiff without regard to the Plaintiff's Civil Rights and proper procedure," *id.*, and "attempt[ed] to discredit the Plaintiff so as to benefit the Treasury [Department] in related investigations/Civil Actions and to project itself as being non-partisan in the Plaintiff's attempt to seek remedies from the Union."  *Id.*

All of plaintiff's claims against the NTEU stem from its representation of him in connection with his termination.  Defendant characterizes these alleged allegations as a claim for breach of the union's duty of fair representation over which the Fair Labor Relations Authority ("FLRA") has exclusive jurisdiction.  *See* Memorandum of Points and Authorities in Support of Defendant National Treasury Employees Union's Motion to Dismiss the Plaintiff's Amended

Complaint for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted ("Defs.' Mot.") at 4-8.  The Court agrees.

The NTEU is a labor union which, evidently, "has been accorded exclusive recognition is the exclusive representative of the employees in the unit it represents and is entitled to act for, and negotiate collective bargaining agreements covering, all employees" in the bargaining unit. 5 U.S.C. § 7114(a)(1).  A claim that a union has acted arbitrarily or in bad faith amounts to a claim of a breach of the union's duty to represent bargaining unit members fairly.  Under Title VII of the Civil Service Reform Act ("CSRA"), *see* 5 U.S.C. § 7101 *et seq.*, "[a] breach of the duty of fair representation is an unfair labor practice" because "it is 'an unfair labor practice for a labor organization . . . to otherwise fail or refuse to comply with any provision of [Title VII of the CSRA].'"  *Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 532 (1989) (quoting 5 U.S.C. § 7116(b)(8)).  Such a claim falls squarely under the jurisdiction of the FLRA.  *Id.*; *Abbott v. United States*, 144 F.3d 1, 4 (1st Cir. 1998) (concluding that "remedy for any breach of [union's] duty of fair representation lies with the [FLRA]").  The Supreme Court instructs that there is "no private cause of action to enforce federal employees unions' duty of fair representation."  *Karahalios*, 489 U.S. at 533.  This Court, then, lacks subject matter jurisdiction over plaintiff's claims against the NTEU and its representatives.  *See id.*; *Buesgens v. Coates*, 435 F. Supp. 2d 1, 3-4 (D.D.C. 2006), *appeal docketed*, No. 06-5314 (D.C. Cir. Oct. 13, 2006).

Plaintiff cannot rely on his purported constitutional claims, *see* Amd. Compl. at 4-5 (alleging violations of First and Fifth Amendment rights),  in order to establish this Court's subject matter jurisdiction.  In this case, plaintiff's constitutional claims arise from the same set of facts as his breach of fair representation claim, and he cannot circumvent the procedures set

4

forth in the CSRA "even if [his] claim is based as well on the Constitution." *Steadman v. Governor, United States Soldiers' and Airmen's Home*, 918 F.2d 963, 967 (D.C. Cir. 1990).

The Court concludes that it lacks subject matter jurisdiction, and defendant's motion to dismiss under Rule 12(b)(1) will be granted.

### 3. Exhaustion of Administrative Remedies for Title VII Claim

The Court presumes without deciding that plaintiff states a cognizable discrimination claim against the NTEU under Title VII of the Civil Rights Act and that the NTEU is an entity to which Title VII applies.

Procedures for handling a complaint of discrimination brought by a federal government employee under Title VII are set forth in 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity). *See* 29 C.F.R. § 1614.103. Generally, an aggrieved person who believes he has been discriminated against on the basis of his race, color, religion, sex, national origin, age or handicap files an informal complaint with the agency, and if the matter is not resolved informally, the person may file a formal complaint with the agency. *See generally* 29 C.F.R. §§ 1614.105, 1614.106. Only after the agency issues a final determination may the aggrieved person file a civil suit in a federal district court. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.310.

Although plaintiff mentions his contact with the Equal Employment Opportunity Commission, *see* Compl. at 3, it does not appear that plaintiff pursued a formal discrimination complaint at the agency level before filing the instant action. Absent exhaustion of his administrative remedies, any purported employment discrimination claim under Title VII must be dismissed. *See, e.g., Brown v. General Serv. Admin.*, 425 U.S. 820, 832-33 (1976); *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995); *Artis v. Greenspan*, No. 01-400 (EGS), 2007

5

WL 274227, * 3 (D.D.C. Jan. 31, 2007) (dismissing plaintiffs' class claims due to their failure to "satisfy their obligation to exhaust administrative remedies").

B.  Motion to Dismiss under Rule 12(b)(6)

Even if this Court had subject matter jurisdiction in this matter, plaintiff's claims are otherwise subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1.  <u>Dismissal for Failure to State a Claim upon which Relief can be Granted</u>

A complaint should not be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6).  The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor.  *See, e.g., United States v. Phillip Morris, Inc.,* 116 F. Supp. 2d 131, 135 (D.D.C. 2001).  The Court is not obligated, however, to draw inferences that are not supported by the facts alleged.  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

2.  <u>Statutes of Limitations</u>

Plaintiff filed his original complaint on April 28, 2005, more than four years after his termination.[4]  Defendant argues that plaintiff's claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, as well as his defamation claim, are barred by the applicable statutes of limitations.

---

[4]  *Pro se* parties generally do not file their pleadings and other papers electronically.  It is the practice of the Clerk of Court to stamp each complaint, application to proceed *in forma pauperis*, and any other paper filed by a *pro se* party on the date of its receipt.  In this case, the Clerk received plaintiff's papers on April 28, 2005.

a. Claims Under 42 U.S.C. §§ 1981, 1983, 1985, and 1986[5]

The Court presumes without deciding that plaintiff adequately alleges cognizable claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.

A three-year statute of limitations applies to claims brought under 42 U.S.C. §§ 1981, 1983, and 1985. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (applying three-year statute of limitations if claim arose before 1991 amendments to §1981, and a four-year statute of limitations if claim arose after amendments); *Camey v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (three-year residual statute of limitations in D.C. Code § 12- 301(8) applies to personal injury claims and claims under 42 U.S.C. § 1983); *Fitzgerald v. Seamans*, 553 F.2d 220, 223 (D.C. Cir. 1977) (applying three-year statute of limitations to claims under 42 U.S.C. § 1985); *Hargraves v. Capital City Mortgage Corp.*, 140 F. Supp. 2d 7, 17 (D.D.C. 2000) (applying three-year statute of limitations for general personal injury actions under D.C. Code § 12-301(8) to actions under 42 U.S.C. §§ 1981, 1982). With respect to claims brought under 42 U.S.C. § 1986, "no action . . . shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. All of plaintiff's claims stem from his termination, which became effective on March 7, 2001. The filing of the original complaint occurred after the applicable statutes of limitations expired. Accordingly, these civil rights claims are barred.

c. Defamation Claim

In the vaguest of terms, plaintiff appears to allege that Lisa Porter and Angela Strong defamed him:

---

[5] Plaintiff may maintain a claim under 42 U.S.C. § 1988 only if he is a prevailing party under another of the civil rights statutes. Absent a viable claim under 42 U.S.C. §§ 1981, 1983, 1985, or 1986, any claim under § 1988 must be dismissed.

7

> From the attached documents to the original complaint and the plaintiff's reply in opposition to defendants' motion to dismiss, the additional claims of libel and slander are amended. Besides the NTEU these are, particularly, directed at defendants, Lisa Porter and Angela Strong.

Amd. Compl. at 1. The Court presumes that plaintiff is referring to Attachment 4 to the original complaint, which is an undated electronic mail message from Robert Hall, who apparently is plaintiff's former supervisor, to three individuals who presumably are other IRS employees, which read:

> I had an interesting conversation with Lisa Porter (NTEU Rep) concerning Steve Ivey. He called the union office either Thursday or Friday and spoke to Angela Strong. He told her that he was terminated because of his beliefs. She asked him what his beliefs were. He told her that he did not intend to take orders from any nigger or faggot. He asked to speak/meet with the president of the union.

Compl., Attach. 4. According to plaintiff, hiss telephone call to the union office took place on March 30, 2001. *Id.* at 2; Pl.'s Opp'n at 2. Plaintiff alleges that he became aware of this statement in January 2003, when "[i]t was used repeatedly in the various related cases as submitted by the U.S. Treasury in support of its defenses." Pl.'s Opp'n at 9. In his view, the statute of limitations would begin to run from the Treasury Department's last use of the document, "during 2006 for the related cases." *Id.* at 9-10; Plaintiff's Reply to Defendant's Motion to Dismiss and Memorandum Dated October 3, 2006 [#26] at 2, 5.

Assuming without deciding that plaintiff states a viable defamation claim against NTEU, Porter, and Strong, the claim is barred by the statute of limitations. "Defamation occurs on publication, and the statute of limitations runs from the date of publication." *Foretich v. Glamour*, 741 F.Supp. 247, 252 (D.D.C. 1990) (citations omitted). In the District of Columbia,

8

the statute of limitations on a libel or slander claim is one year. D.C. Code § 12-301(4). Plaintiff cannot rely on a defendants' alleged repeated use of the offending statement to delay the running of the statute of limitations. *See Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 882-83 (D.C. 1998) (rejecting argument that discrete defamatory communications comprise a continuous course of conduct, such that statute of limitations would not begin to run until conduct ceased); *see also Nat'l R.R. Passenger Corp. v. Krouse*, 627 A.2d 489, 497-98 (D.C. 1993), *cert. denied*, 513 U.S. 817 (1994) (holding that applicable statute of limitations began to run when appellee knew or should have known of his injury and its possible cause).

The filing of both the plaintiff's original complaint and amended complaint including the defamation claim occurred long after the applicable statute of limitations expired. Accordingly, the defamation claim is barred.

### d. Claims Under Federal Criminal Statutes

Plaintiff purports to bring civil claims for defendants' alleged violation of federal criminal law. *See* Compl. at 3 (conspiracy against rights, deprivation fo rights under color of law, false statements, and fraud under 18 U.S.C. §§ 241, 242, 1001, 1341); Amd. Compl. at 2-4 (conspiracy to commit offense against or to defraud United States, perjury and subornation of perjury under 18 U.S.C. §§ 371, 1621, 1622). All of these claims must fail. There is no private right of action to enforce provisions of criminal law, and only a federal prosecutor may determine whether to pursue a criminal action. *See Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005) (rejecting plaintiff's assertion of federal district court subject matter jurisdiction based on 18 U.S.C. §§ 205, 209, and 216(b), (c) because "[t]hese [] are criminal statutes that create no private right of action"); *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (plaintiff

precluded from asserting claims under 18 U.S.C. §§ 242 and 371 because, "as criminal statutes, they do not convey a private right of action"); *Figueroa v. Clark*, 810 F.Supp. 613, 615 (E.D.Pa. 1992) (plaintiff "cannot bring criminal charges against defendants through a private lawsuit, and [18 U.S.C. §§ 241, 242 ] do not give rise to a civil cause of action"); *see also* 28 U.S.C. § 547(1) (stating that the United States Attorney "shall prosecute for all offenses against the United States").

### III.  CONCLUSION

For the reasons stated herein, the Court will grant defendant's motion to dismiss. An Order consistent with this Memorandum Opinion will be issued separately.


Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      March 27, 2007