UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Steven Ivey, )
 )
    Plaintiff, )
 )  CA No. 05-1147
V. )
 )
National Treasury Employees Union, )
 )
    Defendant. )

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION AS PER FRCP RULE 60

The defendant with it's diversions of the September 17, 2007 opposition continues to inappropriately persuade the Court that it's original denials as to the plaintiff's claims are not questionable, misrepresented, or fraudulent. With the NTEU actions against the plaintiff intertwined the IRS/Treasury the resolve of the claims could not be as initially dismissed without focusing on the facts more thoroughly.

In reference to the circumstances under Rule 60 (b) the plaintiff refers back to the Motion for Rule 60 with the following:

A. Rule 60 (b) (1) covers mistakes and inadvertence, such as the fact that in the proceedings originating the dismissal there was not a focus on the exact role of the FLRA as to it being the "exclusive" administrative remedy. When this issues was raised to the FLRA, the FLRA did not resolve such an issue as them having the "exclusive" remedy. Therefore, since the FLRA has not confirmed that the FLRA has "exclusive" administrative review in it's decision to the plaintiff on August 24, 2007, there is a

1

mistake in the citing by the NTEU as the FLRA being the "exclusive" remedy. Consequently, the dismissal of the plaintiff's claims, as based on such criteria, as stipulated by the defendant was not fully realized.

The fact that the alleged racial call occurred while the plaintiff was a resident of North Carolina, after he was employed at the IRS/Treasury, results in a questioning of proper jurisdiction, thus, an inadvertence occurred. This is because the FLRA did not establish itself as the proper jurisdiction for actions of the NTEU committed to a private residence. This would then contradict the Court's dismissal of the plaintiff's claims. This creates new evidence, that in turn further justifies, as per Rule 60 (b) (2), a reopening of the case.

**B.** Rule 60 (b) (2) concerns newly discovered evidence such as the denials of the IRS/Treasury with the circumstances as covered in the Motion for Rule 60, P. 3, 2¶ 2 to P. 7, wherein Robert Hall either lied as to the circumstances and/or conspired with the NTEU representatives, Lisa Porter and Angela Strong. This has created a conflict between judgments of the two related cases in DC District, 07-0748 and the present case. More significantly, it has not been resolved as to why Robert Hall would have used 2 NTEU representatives to create a lie, when those 2 could easily dispute his lie ? The statement is that Angela Strong had reported the alleged "racial" , so why such a remark being said by Lisa porter thus making the remark once removed ? This points to the fact that the NTEU was not proper in it's denial of their involvement with the incident. Therefore, since the IRS/Treasury denied recently in case 07-0748 any involvement of the NTEU alleged call, it represents new evidence. Had the denial of the IRS/Treasury been

made during the initial proceeding, the NTEU in their denial with the alleged call would have made the conflict apparent at a more appropriate time, thus, resulting in a denial of dismissal for the NTEU.

C. Rule 60 (b) (3) cites fraud; misrepresentation; and misconduct of an adverse party for reopening a case. From the above, it can be seen that the NTEU mislead and misrepresented itself in order to gain a quick dismissal without more sufficient and accurate review of all facts related to the present case. More importantly, the FLRA did not resolve the <u>combined</u> actions of the NTEU and the IRS/Treasury, thus, pointing to the fact that the NTEU misrepresented itself as being able to resolve it's participation in such <u>combined</u> actions. Creating lies and/or perpetuating lies results in fraud being committed against the plaintiff in requesting dismissal of the plaintiff's claims.

In regards to the proper administrative remedy having now been reviewed by the FLRA there is raised the question as to what is or which agency has proper administrative remedy of the <u>combined</u> actions of the NTEU and the IRS/Treasury? Therefore, conflict has resulted as to which administrative remedy has authority over the <u>combined</u> actions, the EEOC, MSPB, or FLRA ? If not one of these is "exclusive" remedy over both the NTEU and the IRS/Treasury, then there is a conflict of decisions and jurisdiction in the processing of administrative remedies.

In conclusion, because there remains much unresolved conflict within the NTEU and the handling as to the plaintiff's claims relating to proper jurisdiction, and misleading information, there are apparent substantial circumstances to re-open the present case.

3

# Certification of Service

The attached document was sent by certified mail to:

Office of the Clerk
US District Court for DC
US Courthouse
333 Constitution Ave, N.W.
Washington, DC, 20001

And regular mail to:

Gregory O'Dunden
NTEU
1750 H Street, NW
Washington, DC, 20006
202-572-5553

Oct. 12, '07
Date

Steven Ivey
Plaintiff