UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 05-1147 (EGS) |
| : | |
| NATIONAL TREASURY : | |
| EMPLOYEES UNION, *et al.*, : | |
| : | |
| Defendants. : | |

**MEMORANDUM OPINION**

Plaintiff seeks relief from Court's March 27, 2007 Memorandum Opinion and Order granting defendants' motion to dismiss. *See Ivey v. Nat'l Treasury Employees Union*, No. 05-1147, 2007 WL 915229 (D.D.C. Mar. 27, 2007). Now before the Court are plaintiff's "Motion As Per FRCP Rule 60" and Motion to Reassign Judge to Case.

*A. Plaintiff Is Not Entitled to Relief Under Rule 60(b)*

According to plaintiff, defendants generally committed perjury and used false documents in the course of administrative proceedings and civil litigation pertaining to his termination. *See* Motion As Per FRCP Rule 60 at 2-8, 11. He alleges that defendants' actions have "created continual damage to [plaintiff] to the present date." *Id.* at 8. It appears that plaintiff relies on Rule 60(b)(3), which "permits a court to relieve a party from a final judgment because of 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.'" *Summers v. Howard Univ.*, 374 F.3d 1188, 1192 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(3)). "[A] litigant seeking relief from a judgment under Rule 60(b)(3) based on allegations of fraud upon the court must prove the fraud by clear and convincing evidence."

1

*Drane v. Dominguez*, No. 99-2920, 2005 WL 975691, at *2 (D.D.C. Apr. 25, 2005) (quoting *Shepherd v. Am. Broadcasting Cos. Inc.*, 62 F.3d 1469, 1476-77 (D.C. Cir. 1995)). Neither plaintiff's beliefs as to the veracity of defendants' documents or witnesses, nor his musings as to their motives, rise to the level of clear and convincing evidence. Plaintiff does not demonstrate that relief from the Court's March 27, 2007 decision is warranted.

### B. Plaintiff Sets Forth No Valid Basis For Recusal

Plaintiff notes that the instant civil action and all others he has filed in this district have been assigned to the undersigned. Motion to Reassign Judge to Case at 1. According to plaintiff, assignment of his various cases to one judge "creates a predetermined opinion for the above captioned case with the defendant" and it "raise[s] concerns of misconduct from the prior cases and potential for the present case." *Id.* at 1-2.

A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[1] The standard for disqualification under Section 455 is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality. *See In re Brooks*, 383 F.3d 1036, 1043 (D.C. Cir. 2004); *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). In this case, plaintiff apparently assumes that unfavorable decisions in prior actions inevitably will result in an unfavorable decision in the instant action. This is not an adequate basis for recusal because a judge's legal decisions are almost never

---

[1] The Court concludes that none of the other bases for recusal, *see* 28 U.S.C. § 455(b)(2)-(5), is applicable.

grounds for a claim of bias or impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cotton v. Washington Metro. Area Transit Auth.*, 264 F. Supp. 2d 39, 42 (D.D.C. 2003) (denying motion for recusal where "claim of bias is predicated entirely upon the [magistrate judge's] rulings with respect to the conduct of discovery in the instant action, and rulings regarding discovery and other issues in three other actions filed by Plaintiffs' counsel").

Moreover, plaintiff fails to set forth sufficient facts or circumstances demonstrating personal bias or prejudice. His statements are, at best, general and conclusory, and bald allegations such as those presented in the instant motion, are insufficient. *See Sec. & Exch. Comm'n v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (recusal not warranted where party neither alleges that judge "relied on something other than the evidence before him, nor [alleges] that the rulings reflect the kind of 'extreme' bias that could provide a basis for recusal"); *Karim-Panahi v. U.S. Congress, Senate and House of Representatives*, No. 03-5186, 2004 WL 1588167, at *4 (D.C. Cir. 2004) (per curiam) (discerning no abuse of discretion absent factual allegations or evidence supporting claim of judge's bias or prejudice, or rational basis for questioning her impartiality).

For these reasons, plaintiff's motion under Fed. R. Civ. P. 60(b) and for recusal will be denied. An Order consistent with this Memorandum Opinion will be issued separately.

SO ORDERED.

Signed:    EMMET G. SULLIVAN
           United States District Judge

Dated:     September 4, 2008